## John Kent vs. Thomas Garvin.

A book containing entries of ale sold, copied by a clerk every Saturday night from tne delivery book of the drayman, is inadmissible to prove the delivery of the articles charged, when supported only by the testimony of the clerk that the charges were so copied, and were compared and corrected by the drayman and himself.

Assumpsit for thirty barrels of ale sold and delivered to the defendant. The case was referred to an auditor, whose report the plaintiff offered in evidence at the trial in the court of common pleas.

From this report it appeared that at the hearing before the auditor, the plaintiff, to prove his account, offered his book of original entries, and called as a witness the clerk who kept the books, who testified, that the book produced was the plaintiff's book of original entries; that he made the entries; that he took them from the delivery book of the drayman every Saturday night; that the drayman stood by his side, and read off the entries, and he copied them into the plaintiff's book; and then the drayman read them off from the delivery book, and compared them, and if they were right, the witness checked them in the plaintiff's book; that this was done in the present case; and that the drayman was now in California. It also appeared by the auditor's report that most of the barrels were delivered on Monday.

The defendant objected to the admission of the auditor's report for the following reasons: 1. The drayman's book, and not the book produced by the clerk, was the plaintiff's book of original entry. 2. The drayman's book, if not the book of original entry, contained the original memoranda from which the plaintiff's clerk made the entries sworn to by him. As the drayman is not produced, his unsupported declarations to the clerk are the only evidence to show by whom or when such memoranda were made. 3. If the drayman's memoranda are proved by his declaration to the clerk, as the drayman read off to the clerk on Saturday night the deliveries of the whole week, and as most of the barrels were delivered on Monday, six days

elapsed, in most instances, between the delivery and the charge. Declarations made more than one day after a transaction can not be considered as of the *res gesta.*

But *Perkins*, J. overruled these objections, and admitted the report in evidence. Whereupon the jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*E. G. Parker*, for the defendant. The book relied on was not competent evidence, because the entries in it were made from the memoranda of the drayman too long after the trans actions to be proved. 1 Greenl. Ev. § 117, *& note. Walter v. Bollman*, 8 Watts, 544. *Ingraham* v. *Bockius*, 9 S. & R. 285. *Forsythe* v. *Norcross*, 5 Watts, 432. The person who made the original memoranda should have been called, and his suppletory oath given. This has been required, whenever books have been received, made by one person from memoranda or reports of work done or goods sold by another. *Smith* v. *Sanford*, 12 Pick. 139. *Morris* v. *Briggs*, 3 Cush. 342.

*S. J. Gordon*, for the plaintiff. The plaintiff's book of original entries, supported by the evidence of the book-keeper, established a *prima facie* case for the plaintiff. 1 Greenl. Ev. § 115. *Arnold* v. *Sabin*, 1 Cush. 526, 531. *Morris* v. *Briggs*, 3 Cush. 342. *Mathes* v. *Robinson*, 8 Met. 271. *Barker* v. *Haskell*, 9 Cush.

BIGELOW, J. It has long been the settled law of this commonwealth, that it is not a valid objection to the competency of a party's book, supported by his suppletory oath, that the entries therein were transcribed from a slate or memorandum-book in which they were first entered for a temporary purpose, although the entries on the slate or memorandum were made by a person other than the party who copied them on to the book. In such cases, the entry of the charges in the regular day-book of the party is deemed to be the first and original entry, and as such, competent proof, with the oath of the party, of the charges therein made. *Faxon* v. *Hollis*, 13 Mass. 427. *Smith* v. *Sanford*, 12 Pick. 139. *Ball* v. *Gates*, 12 Met. 491. *Morris* v. *Briggs*, 3 Cush. 342. But in all these cases it will be found, that in addition to the oath of the party who made the entries

13 *

in the day-book, the testimony of the person who made the entries on the slate or memorandum-book was adduced, to prove that articles were delivered or work performed of a character similar to those charged on the day-book, at or about the time of the entries therein. The charges in the book, supported by the oath of the party making the entries, are often the only evidence of dates, items and amounts, which individuals cannot well retain in their memories.

The case at bar goes beyond any adjudged case in this commonwealth. The attempt is here made to put in evidence the book of a party, supported by the oath of his clerk who made the entries, for the purpose of proving the sale and delivery of articles made by a third person in the employment of the plaintiff, whose evidence is not produced in support of the charges, nor is any evidence offered from any source other than from the book, to show that at the time the charges were made, any articles, similar in character to those charged, were delivered by the plaintiff to the defendant. It is manifest that here an important link in the chain of evidence is wanting. The clerk who made the entries had no knowledge of the correctness of any charge on the book. All he can say is, that the drayman, who delivered the articles for the plaintiff, gave to him from his memorandum-book the items which were entered on the book. The case therefore rests on the mere unsupported statement of a third person, whose fidelity and accuracy there are no means of ascertaining and testing. It is in its nature mere hearsay testimony. To permit the books of a party to be competent proof under such circumstances, would be extending the rule applicable to this anomalous and dangerous species of evidence quite too far.

The book in the present case is also liable to the further objection, that the entries were not made, in many instances, until six days after the date of the alleged delivery of the articles to the defendant. Of itself this objection would not perhaps be fatal to the competency of the book, but taken in connection with the absence of the testimony of the person who delivered the articles and made the original memorandum, it renders the

book entirely inadmissible. *Kessler* v. *M' Conachy,* 1 Rawle 141. *M' Coy* v. *Lightner,* 2 Watts, 350, 351.

For these reasons we think that the court below erred in permitting the auditor's report, founded on the charges in the book, to be read to the jury in support of the plaintiff's claim.

*Exceptions sustained.*

A new trial was had in the court of common pleas at April term 1854, when the plaintiff introduced new evidence, independent of his books, and obtained a verdict.