### JOHN MILLER *vs.* TIMOTHY SHAY.

Worcester. October 4. — 20, 1887. C. ALLEN & KNOWLTON, JJ., absent.

A book of original entries kept by a man who is unable to write, and in which the only entries are straight marks, is admissible in evidence, when supported by his suppletory oath.

If goods are delivered by a servant, and his entries or marks are transferred to the master's account-book, the servant is a competent and necessary witness to support the charges and to prove the delivery.

CONTRACT, upon an account annexed, for two hundred and fifty-three loads of sand, at forty cents a load. After the former decision, reported 142 Mass. 598, the case was tried in the Superior Court, before *Staples,* J., who allowed a bill of exceptions, in substance as follows :

The plaintiff testified that he made a contract with the defendant to supply sand to be used in building, at forty cents a load ; that he delivered some of the loads himself, and employed his son, and one McCann and Joseph Pratt to draw and deliver other loads ; that, when he himself delivered any, he put a straight mark in a small account-book for each load ; that when McCann or Pratt worked, each of them marked daily the number of loads each drew on the side of the cart, and reported the number to the plaintiff, who made corresponding marks in his book, and the marks on the cart were then rubbed out ; that the number of loads drawn by Pratt, McCann, and himself amounted to two hundred and fourteen ; that he could not write, and could read but little ; and that he had received from the defendant on account the sum of $65.

Joseph Pratt testified that he drew some of the sand in question for the plaintiff ; that he always gave in the account every day to the plaintiff ; and that he kept it by a chalk mark on his wagon for every load he drew. Against the objection and exception of the defendant, the witness was allowed to testify that every day he drew sand he counted the marks for the sand drawn that day, and reported to the plaintiff the number ; that he reported to him correctly the number of loads drawn each day ; and that this continued all the time he drew sand there, some three months.

Edward McCann testified that he drew some of the sand, under the plaintiff's direction; that when he drew a load of sand he always marked it down on the side-board of the cart, and at night reported to the plaintiff how many he had drawn; that he reported correctly each day; and that after the report Miller rubbed out the marks.

William Miller, son of the plaintiff, testified that he drew some of the sand, thirty-five loads, and kept an account of it himself (the account was produced and identified); that the handwriting was his; and that he kept the account with book and pencil of the number of loads he drew.

The plaintiff offered in evidence the book first mentioned, being the one kept by him. The book showed no debit or credit side, and did not mention the name of the defendant. On different pages appeared a series of straight marks, which aggregated two hundred and fourteen. It was not contended that the book itself exhibited any appearance of fraud or falsehood.

Against the objection of the defendant, the judge held, that the book was competent evidence, in connection with the evidence adduced by the plaintiff, if believed, and was part of the *res gestœ*, and admitted the same.

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*W. A. Gile*, for the defendant.

*G. T. Dewey*, for the plaintiff.

MORTON, C. J. The small account-book kept by the plaintiff, showing the number of loads of sand delivered, was properly admitted in evidence. It was a rough and imperfect book of accounts, but it was honestly kept, and was the record of the daily business of the plaintiff, made for the purpose of establishing a charge against another. *Pratt* v. *White*, 132 Mass. 477. Such a book, supported by the oath of the plaintiff, is competent, though the account was kept only by marks, the plaintiff being unable to write. These entries are intelligible, and no more liable to fabrication than other entries. It is a book of original entries, though the marks were transferred from marks made on the cart by the servants of the plaintiff who delivered the sand. *Smith* v. *Sanford*, 12 Pick. 139. *Kent* v. *Garvin*, 1 Gray, 148. *Harwood* v. *Mulry*, 8 Gray, 250.

Where goods are delivered by a servant, and his entries or marks are transferred to the master's account-book, it has been held that the servant must be a witness to support the charges and to prove the delivery. *Kent* v. *Garvin, ubi supra.* In the case before us, therefore, the testimony of Joseph Pratt was competent and necessary.

If there was doubt whether the plaintiff's book ought to have gone to the jury, there is another ground upon which the defendant's exceptions should be overruled. In a transaction like that involved in this case, it is not to be expected that any memory unaided could retain accurately the number of loads of sand delivered. The plaintiff had clearly the right to use his account-book as a memorandum to refresh and aid his memory. The fact that the book went to the jury could not prejudice the defendant. The only possible use the jury could make of it would be to count the marks, and see if the plaintiff had stated their number correctly. The exceptions show that the plaintiff's count was correct, and it is of no consequence to the defendant whether the jury took this number from the plaintiff's testimony or from a count of the marks. A new trial would not be granted because of the admission of incompetent testimony which is entirely immaterial.                    *Exceptions overruled.*