# Murray & Peppers *v.* Dickens.

*Assumpsit.*

(Decided Dec. 20th, 1906.   42 So. Rep. 1031.)

1. *Evidence; Books of Account; Authentication.*—Entries on books of account are admissable as against the objection that the book was not regularly kept in the usual course of business,

[Murray & Peppers v. Dickens.]

where it was shown that a steam hoister was rented at a specific sum per day, and the owner thereof made entries on the book kept for that purpose of the number of days the hoister worked, based on reports made to him at the end of each week by his employee in charge of the hoister.

2. *Same.*—The testimony showed that the owner of the hoister, which was rented for a specific sum per day, made entries on a book kept for that purpose of the number of days the hoister worked each week, based on the report of his employee in charge of the hoister. The employee, in charge of the hoister, testified that he made true reports every Saturday to the owner who entered the same at once in the book. Held. the entries were sufficiently corroborated by independent evidence, to render them admissible.

3. *Same.*—Entries regularly made by a party in a book kept for that purpose, from data furnished by an employee, where the employee testified that he knew of the correctness of the items and gave them correctly to the party entering them, and the party entering them testified that he entered the items as they were given to him, are admissible.

4. *Same.*—The entries above referred to in headnotes 1, 2 and 3 were admissible against the objection that the entries were not made contemporaneously with the transaction, they being made within a reasonable time, under the circumstances.

5. *Same.*—Under the contract, it being for the court to decide whether the hoister, when the employee had steam up waiting for directions to use it, was in service within the contract, (and if not other testimony might be introduced on which the jury could ascertain what should be deducted from the amount shown by the entries) entries made as set out in the above headnotes, were admissible in evidence.

APPEAL from Mobile Circuit Court.

Heard before Hon. SAMUEL B. BROWNE.

Action by Murray & Peppers against Charles C. Dickens. From a judgment for defendant, plaintiffs appeal. Reversed and remanded.

WILLIAM C. FITTS, and DAVID H. EDDINGTON, for appellant.—The book was a book of original entry in contemplation of law.—*Post v. Kennelson*, 52 L. R. A: 577; *Tilkins v. Baker*, 6 Lans. 516; *Redlish v. Bauerlee*, 38

[Murray & Peppers v. Dickens.]

Am. Rep. 87; *Jeffries v. Urmy*, 3 Houst. 653; *Curtis v. Bradley*, 38 L. R. A. 144; *Bolling v. Fannin*, 97 Ala. 619; *Alabama Construction Co. v. Wagnon Bros.*, 137 Ala. 389. For further discussion of the subject of the admissibility of the entries, see 102 N. Y. 572; 22 N. Y. Sup. 148; 1 Greenl. (16th Ed.) pp. 206-211.

GREGORY L. and H. T. SMITH, for appellee.—The entries in the book are not admissible because not made in a set of books regularly kept in the usual course of business; because not corroborated by independent testimony of a person knowing the facts; and because the person making the entries had no personal knowledge of their proof.—*Dismukes et al. v. Colson, et al.*, 67 Ala. 388; 1*Natl. Bank of Talladega v. Chaffin*, 118 Ala. 260; *Wager Lbr. Co. v. Sullivan Co.*, 120 Ala. 573; *Lane v. Mayor & Thomas Hdw. Co.*, 121 Ala. 298. A party cannot bolster up the testimony of their witness by the testimony of their good character and it cannot be shown by introducing evidence as to how long he remained in any particular employment.—*Gipson v. The State*, 89 Ala. 121; *Funderberg v. The State*, 100 Ala. 36; *M. & G. Ry. Co. v. Williams*, 54 Ala. 68; *Bell v. Tha State*, 124 Ala. 94. The defendant not being a witness its character cannot be attacked.—*Harrison v. The State*, 37 Ala. 154.

SIMPSON, J.—This was an action by the appellants (plaintiffs) against appellee (defendant) on the common counts, to wit: (1) Open account; (2) account stated; (3) work and labor done; (4) merchandise, goods, etc., sold; (5) money paid for defendant; (6) money received by defendant for the use of plaintiffs. And the pleas were the general issue and payment. The matter for which plaintiffs claimed that defendant owed them the amount sued for was for the use of a "steam hoister," which it is claimed did service for defendant under an agreement by which he was to pay $10 per day.

A witness for plaintiffs, Edward Peppers, who was a member of the plaintiff's firm, testified that plaintiffs

did in September, 1903, rent the "steam hoister" to defendant; that defendant was to pay $10 per day; that defendant, Dickens, was to give plaintiffs a statement each Saturday night as to how much the "hoister" had worked during the week; that defendant had been asked frequently for the statement, but had never given any, except a little slip, once, with no date on it; that witness did not see the hoister worked, as it was 10 or 12 miles from Mobile; that plaintiff became dissatisfied because of Dickens' failure to furnish the statement, and changed the terms to a regular renting agreement, but this suit is for the amount due before this change was made; that the hoister was a barge, with a steam engine on it, and was used for pulling logs out of the woods; that plaintiff's engineer, Bill Steadham, had charge of the hoister; that he left Mobile with it every Sunday evening or Monday morning and returned Saturday evening, at which time he would report to witness verbally the number of days that the hoister had been worked during that week, and witness would set the amount down in the book (which is offered in evidence); that plaintiffs were paying said Steadham according to the time he worked, and they paid him according to the amounts so set down in said book, and they allowed a half day each week for going to and returning from defendant's place—thus, if he reported 5 days' work they paid him for 5 1-2 days. He also stated that the boat remained through the week at defendant's place, subject to his orders. Bill Steadham testified to the same arrangement; that he made true reports every Saturday night to Mr. Peppers, who entered it at once in the book; also that he would call on Dickens for statements of the work done, but that he never gave but the one, and would tell him that his (Steadham's) word was as good as his (Dickens); that he knew exactly how many days he worked and how many he lost each week, and so reported it; that when he had steam up, under orders, at Dickens' place, he reported it that way; but witness later stated that sometimes Dickens did not come down to work till late in the day, but, if witness had steam up all day, he reported that as a day's work.

The defendant objected to the introduction of said book in evidence, on the ground that it had not been proved, which objection was sustained, and the book was excluded; and the court then, on motion of defendant, excluded all of the plaintiff's evidence, because it was irrelevant and immaterial, and gave the general charge in favor of the defendant. The chief point of controversy is the action of the court in ruling out the book as evidence and then excluding all of plaintiffs' testimony. The appellants insist that there was error in this action of the court, and the appellee sustains the action, because (1) the book was not regularly kept in the usual course of business; (2) the contents was not corroborated by independent testimony of a person knowing the facts; and (3) the person making the entries did not himself have personal knowledge of their truth.

As to the first objection, the testimony of Peppers shows that the entries were regularly made in a book kept for that purpose, on the reports which were made, in accordance with the requirements of the contract; and, as to the second, the entries are corroborated by the testimony of Peppers and Steadman. As to the third exception, while it is true that the expression is found in the authorities that the person making the entry must have knowledge of the correctness of the item, yet it will be found that in those cases there was no proof by any one else of the correctness of the item, and it would seem, on reason, that if one party testifies that he knew of the correctness of the item and gave it correctly to the other, and the other testifies that he entered it as it was given to him, that that would amount to the same thing as if the party who made the entry should swear that he knew of the correctness of the item. So it is laid down that "entries made by a party from data furnished, or memoranda kept by an employe to assist his memory in making a report or return will be admissible, if supplemented by the oath of the party and the testimony of the servant making the memoranda or furnishing the information."—17 Cyc. 386; *Miller v. Shay,* 145 Mass. 162, 13 N. E. 468, 1 Am. St. Rep. 449;

*Smith v. Law,* 47 Conn. 431; *Harwood v. Mulry,* 8 Gray
(Mass.) 250; *Barker v. Haskell,* 9 Cush. (Mass.) 218;
*Morris v. Briggs,* 3 Cush. (Mass.) 342; *Smith v. San-
ford,* 12 Pick. (Mass.) 139, 22 Am. Dec. 415; *Hoover v.
Gehr,* 62 Pa. 136; *Post v. Kenerson,* (Vt.) 47 Atl. 1072,
note 52 L. R. A. 578, 82 Am. St. Rep. 948; *Curtis v.
Bradley,* (Conn.) 31 Atl. 591, 28 L. R. A. 143, 48 Am.
St. Rep. 177; *Bay v. Cook,* 22 N. J. Law, 343, 355. The
book in this case was not subject to this objection.

It is next insisted that the book was properly ex-
cluded, because the entries were not made contempor-
aneously with the transaction. In the case of *First
National Bank of Talladega v. Chaffin,* 118 Ala., pages
246, 260, 24 South. 80, referred to by counsel for appel-
lee, the books offered in evidence were the ledgers of a
deceased party, and there was no proof as to who kept
the books, nor as to whether they were correct, or
whether original entries or not, and the court very prop-
erly said that the books should have been excluded, be-
cause said books did not appear prima facie, nor were
they shown by evidence to have been, original entries
made contemporaneously with the sales and payments
noted in them. The question as to how near in point of
time an entry may be made, so as to come within the
rule as to being contemporaneous, is not presented at all
in that case. The case of *Dismukes & Patrick v. Tolson
& Barrett,* 67 Ala. 388, 389, went off entirely on the
point that the witness could not testify to the correct-
ness of the books, because it involved a transaction with
a deceased party, and the remarks of the court were
made to the point that under the facts in the case the
books would have been admissible if the witness had
been competent. In the case of *Horton v. Miller,* 84
Ala. 537, 540, 4 South. 370, the witness T. G. Miller
made the entries, and J. P. was not put on the stand to
prove the correctness of the items. The court properly
held that the book was not admissible as to those items.
In the case of *Stoudenmire v. Harper Brothers,* 81 Ala.
242, 245, 1 South. 857, the memorandum sought to be
introduced was not an original entry, nor even a copy

of the entries on the books, but merely an addition by the witness of certain items which he had taken from the books, and the court said: "The original must be produced, and must have been made at or near the time of the occurrence." In the case of *Wagar Lumber Co. v. Sullivan Logging Co.,* 120 Ala. 560, 573, 24 South. 949, the only points decided were that the witness could not refer to a memorandum made by another party when he had no knowledge of its correctness, and that a book could not be introduced when there was no proof of the correctness of the items, nor that they were made "at or about the time at which the facts to which they relate transpired." The case of *Lane v. May & Thomas Hdw. Co.,* 121 Ala. 296, 298, 25 South. 809, merely holds that a memorandum book could not be introduced in evidence when there was no proof that the items were entered "at or about the time the payments were made, nor sufficiently that the witness knew the entries to be correct when they were made."

So there is nothing in our decisions contrary to the general principle laid down, to wit, that, while the entries must be made at or near the time of the transaction, yet no precise time is fixed by law when they should be made. The entry need not be made exactly at the time of the occurrence; but it is sufficient if it be made within a reasonable time. In this particular every case must be made to depend upon its own peculiar circumstances, having regard to the situation of the parties, the kind of business, the mode of conducting it, and the time and manner of making the entries. An entry once a week has been held to be sufficient.—*Yearsley's Appeal,* 48 Pa. 531; note to *Post v. Kenerson,* 52 L. R. A. 583; McKelry on Evidence, pp. 251, 252, § 175. It must be admitted that the cases are in some confusion on this subject, but from an examination of them the above seems to be a reasonable deduction. There are a number of cases where loose memoranda were first made, and then afterwards transferred to a permanent book, and the general trend of decisions is that the loose memoranda are not the entry, but mere helps to the party to remember, and the entry in the permanent

book is the original entry, so that it seems that the rule would be the same, whether there were any mmeorandum or not. In those cases it is held that, in order to admit the entries in the book, it is necessary, not only that the party who made the entry shall swear that the entry was made in accordance with the memoranda, but also that the party who made the memoranda, should testify to the correctness of the memorandum when he made it. This testimony we have in the case now under consideration. It is also held in a number of them that unless some reason is shown why the entry was not made in a day or two, either from the nature of the business or otherwise, the entry will not be deemed to be contemporaneous within the meaning of the law; but the cases recognize that circumstances may be such as to justify the delay in making the entry for as long a time as a week.—*Redlich v. Bauerlee,* 98 Ill. 134, 38 Am. Rep. 87; *Kent v. Garvin,* 67 Mass. 148; *Vicary v. Moore,* 2 Watts (Pa.) 451, 27 Am. Dec. 323; *Forsythe v. Norcross,* 5 Watts (Pa.) 432, 30 Am. Dec. 334. As stated in the *Redlich Case, supra*: "It suffices if it be within a reasonable time so that it may appear to have taken place while the memory of the fact was recent, or the source from which knowledge of it was derived is unimpaired." So, considering the nature of the business in this case, the fact that the boat made weekly trips and there was no opportunity to make the entries until the report came in at the end of the week, that the contract itself provided for weekly reports, and that the service was such as could be easily remembered for that period, we hold that the entries were made within a reasonable time, and admissible.

There is nothing in the suggestion that the entire book was offered in evidence, and not only those entries relating to this matter, as, in the first place, the book was offered only to prove these items, and there is no evidence that there was anything else in the book, and, in the next place, the only objection offered to it was that "it had not been proved at all." Nor is there any force in the suggestion that the report of Steadham was

of his own time, and not of the time that the boat worked; for both he and Peppers state that his report was of the time the boat worked, and it is shown that the report did not include the half day which was allowed Steadham for going and coming. On the contrary, Peppers states distinctly "that, if he reported the machine worked 5 days, they paid him for 5 1-2 days, and so on." Even if the half days were included it would be an easy matter to deduct them. So with regard to the suggestion that Steadham reported it as a day's work when he had steam up all day waiting for Dickens, though Dickens did not actually get to work until the middle of the day or later. If the boat was there subject to his orders, and he did not actually use it, it would be a question for the court to decide whether it was not there in his service, within the meaning of the contract; and, even if it was not, that would not be any reason for rejecting the evidence, but other testimony could be introduced, from which the jury could ascertain what should be deducted. The court erred in excluding the book, and in excluding the evidence of the plaintiff, and in giving the general charge in favor of the defendant.

The judgment of the court is reversed, and the cause remanded.

TYSON, C. J., and HARALSON and DENSON, JJ., concur.