J. A. JONES v. ATLANTIC COAST LINE RAILROAD COMPANY.

(Filed 14 October, 1908.)

1. Carriers of Goods—Records—Corroborative Evidence.

In an action against a carrier for damages arising from an injury to stock *en route,* an "original record" of one of. the freight conductors, tending to show that the stock was not so injured, is incompetent, unless corroborative of the direct testimony of the conductor who made the record.

2. Carriers of Goods—Live Stock Injured—Possession of Carriers— Presumptive Evidence—Rebuttal.

Plaintiff's action is against the carrier to recover for. injury to live stock in transit, including the killing of a horse. There was evidence tending to show the injury was received while the stock was in defendant's possession: *Held,* (1) the evidence made out a *prima facie* case against the carrier; (2) it was proper for the court to charge the jury, upon supporting evidence, that if the horse died from natural causes or was injured as an ordinary incident of handling a car of stock, the presumption of negligence would be rebutted; and this rule would apply to all the stock delivered in a damaged condition.

148—29

ACTION tried before *W. R. Allen, J.,* and a jury, at May Term, 1908, of CRAVEN, to recover damages alleged to have been sustained by plaintiff in shipment of a car load of horses and mules.

These issues were submitted to the jury:

1. "Was the mule in controversy delivered to the defendant?" Answer: "No."

2. "Was the gray horse in controversy injured while in possession of the defendant?" Answer: "Yes."

3. "Were the twenty-three animals delivered by defendant to plaintiff injured while in possession of defendant?" Answer: "Yes."

4. "If so, was said injury caused by the negligence of the defendant?" Answer: "Yes."

5. "What damage, if any, is plaintiff entitled to recover?" Answer: "Three hundred and thirteen dollars and twenty-five cents."

From the judgment rendered the defendant appealed.

*R. A. Nunn* and *W. D. McIver* for plaintiff.
*Moore & Dunn* for defendant.

BROWN, J. The evidence tends to prove that there was delivered to defendant a car load of horses, at Augusta, Ga., for shipment to plaintiff at New Bern, N. C.; that the stock were in good condition when delivered to defendant, and that when the car arrived at New Bern the animals were in a very bad condition—much worse than stock generally are at the end of a long journey; that one horse was dead in the car and the others badly bruised and much injured.

For the purpose of proving the condition of the stock when transferred from one freight conductor to another on different parts of its system, the defendant offered in evidence "the original record of conductor (E. D. Skinner) handling this shipment from Florence to Wilmington, showing that there

was no exception to the condition of the stock at the time of its handling." This was excluded, and defendant excepted.

We have held that a record containing entries made in the usual course of business on the train sheets by the witness (a train dispatcher) from reports telegraphed to him by station agents as to the arrival and departure of trains is admissible for the purpose of showing the position of a train at a certain time. *Insurance Co. v. Railroad,* 138 N. C., 42. The evidence offered by defendant is far from coming within the principle of that decision. The record was made in that case by the witness himself, who was under oath and subject to cross-examination, and the witness identified it as the record made by him, showing the movement of trains. The report of the case shows that "the record was offered by defendant in corroboration of witness Hunt, and the court admitted it for that purpose, so instructing the jury." (Record, p. 45.)

Waiving the confusion in the record as to the identification by proof of this "original record," it is certain that the defendant did not offer Conductor Skinner to prove the condition of the animals on his run, and then offer his train record of that run for the purpose of corroborating his evidence.

It has been held by the Supreme Court of Massachusetts that train dispatchers' records, properly identified, are competent evidence to show the location of a train at a given time, but an examination of the case shows that "entries from the train sheet, *with the testimony of the person who made them,* were admitted to show that outward trains passed" at certain hours. *Donovan v. Railroad,* 158 Mass., 450.

These decisions rest upon the idea that, as telegraphic messages are read by sound, as well as automatically recorded in symbols, such entries stand upon the same footing as if made from oral statements uttered at the sending station and audible in the dispatcher's office. These cases, for that reason, are to be distinguished from those holding that entries

by a servant on his master's books for goods sold are incompetent, unless the servant is called to support the charges and prove the delivery. *Miller v. Shay,* 145 Mass., 162.

There is nothing in the record of a train run or the log book of a ship which takes the case from the general rule that the entries must be identified, and when so identified they are competent evidence in support of the person who made them.

As the appellant failed to send up the "train record," we are unable to gather exactly what it was expected to prove by it. As we understand it, the record was silent as to the condition of the stock on Conductor Skinner's run. Had he been examined as a witness, his record of the run would have been competent to corroborate and fortify his evidence. As he was not examined, the court properly excluded it.

There are a number of exceptions to the charge which need not be considered *seriatim.*

His Honor properly instructed the jury that if the stock was injured while in the possession of the defendant, this fact alone is evidence of negligence, and the defendant is called upon to rebut it. Proof of injury makes out a *prima facie* case of negligence sufficient to carry the case to the jury, and, after hearing such evidence as the defendant offered to prove how the injury occurred, it is for the jury to say whether it was due to defendant's negligence or to other causes for which defendant is not responsible. *Meredith v. Railroad,* 137 N. C., 478, and cases cited.

The rule is based upon the inability of the shipper to produce any other evidence of negligence while his property is in transit in the carrier's possession. 1 Elliott on Evidence, 141. In view of the possibility of injury to live stock from causes not to be attributed the carrier's neglect, his Honor instructed the jury: "If the horse in controversy died from natural causes or was injured as an ordinary incident of handling a car of stock, then this would rebut the presump-

tion of negligence on the part of the defendant company. This same, rule would apply as to stock actually delivered to the plaintiff, if you find that it was delivered in a damaged condition."

We think, taking the charge of the learned Judge as a whole, that he put the case to the jury fairly and fully, and that no error was committed which necessitates another trial.

No Error.