# Parker *et al. v.* Jones' Adm'r *et al.*

*Bill in Equity to establish and enforce Resulting Trust.*

1. *Statute of limitation ; when not considered by Supreme Court.*—This court will not consider the effect of the statute of limitations, as a defense to a bill in equity, unless properly raised by the pleadings.

2. *Same ; facts taking plaintiffs' case out of, introduced by amendment.*—When the statute of limitations is set up as a defense to a bill in equity, any partic-

ular facts taking the plaintiffs' case out of the operation of the statute, must be introduced by amendment to the bill, or by special replication to the plea.

3.   *Trust funds ; when may be followed by cestuis que trustent* —As long as trust funds, or the proceeds of trust property, can be satisfactorily traced and identified, the *cestuis que trustent,* if proper parties complainant, and entitled to relief, may follow them into the hands of third persons, although such person may have taken the title to the property purchased with the trust fund in his own name, or in the name of any other person, with notice of the facts, but the evidence in this case, as held by the Chancellor, fails to trace the trust funds into the property sought to be changed.

This was a bill in equity, filed on the 14th of December, 1874, by Virgil E., Lamartine W., and Caledonia J. Parker, against Naomi C. Jones, as administratrix of the estate of John W. Jones, dec'd, and Wm. A Jones, and others, as the heirs of John W. Jones. The bill alleged that Dr. Robert Parker, the father of complainants, died intestate, in Texas, in 1857, leaving property valued at twenty-five hundred dollars, which their mother Naomi C. Parker converted into money, and brought with her to Cherokee county, Alabama, in October, 1857. The mother of the complainants married John W. Jones, and shortly afterwards, delivered to him $1800 of the money realized by her from the estate of Dr. Robert Parker. Complainants, it is averred, were infants of tender years at this time, and said Jones had full notice that the money received from his wife belonged to the estate of said Parker; that said Jones purchased with said money a tract of land situated in Cherokee County, Alabama, and took the title thereto in his own name. Said Jones died intestate in Cherokee county, leaving Wm. A. Jones, Caroline Johnson, and others as his heirs at law. That his widow, said Naomi C. Jones, had taken out letters of administration on the estate of said John W. Jones, and was proceeding with the administration thereof. The bill prayed that the title to the land described therein, might be divested out of the heirs at law of said John W. Jones, and invested in complainants. The respondents answered, denying the material allegations of the bill.

The evidence in the case tended to show, that at the time Mrs. Jones delivered the money to her husband, John W. Jones, it was understood between them, that all the property belonging to Jones, and this money, should be united and used as a common fund for the benefit of the children of each of them. The land sought to be charged, was purchased by Jones at a sale made by an administrator, under orders of court, but no record evidence of the terms of the sale was introduced, nor was the deed produced, or any proof made that the administrator had authority to sell the land. The only proof that the money delivered by Mrs. Jones (Parker)

to John W. Jones, was used by him in the purchase of the land, was the admissions of said Jones, but these were coupled with statements as to the agreement to use his money, and that derived from his wife, for the mutual benefit of their children. The Chancellor dismissed the bill, and his decree is assigned as error.

CLOPTON, HERBERT & CHAMBERS, for appellant.

MCSPADDEN & BRADFORD, for appellees.

SOMERVILLE, J.—No point is raised ·in this case, in the court below, in reference to the statute of limitations, either by demurrer to the bill, or by the answer of the several defendants.

Such defense can be considered by the appellate court, only when properly raised by the pleadings. If, in such event, there is any reason for accepting the given case from the operation of the statute, it must be introduced by an amendment to the bill, or raised by way of special replication to a plea.—*Ragland's Ex'rs v. Mortou*, 41 Ala. 344 ; *Nimmo v. Stewart*, 21 Ala. 682.

The complainants, as the heirs and distributees of Robert Parker, deceased, on whose estate there was no administration, seek to have a trust declared in their behalf in certain lands, alleged to have been purchased by one John W. Jones, in his own name, with funds belonging to the estate.

The rule is, that *cestuis que trust*, if proper parties complainant, and entitled to relief, can follow the proceeds of trust property, or funds, into the hands of third persons, so long as the same can be satisfactorily traced and *identified*, although such person may have taken the title of property purchased with the trust fund in his own name, or the name of any other person with notice of the facts.—2 Perry on Trusts, §§ 828, 835-8 ; *Maury's Adm'r v. Mason's Adm'r*, 8 Port. 211 ; *Robison v. Robison*, 44 Ala. 227.

Under the facts of this case, we cannot see that the Chancellor erred in deciding, that the legal testimony failed satisfactorily to trace the trust fund into the lands in controversy, and this of itself, is fatal to the equity of the bill.

The decree of the Chancellor is affirmed.