# Thompson *v.* Parker.

*Bill in Equity by Judgment Creditor to have Deed set aside as Fraudulent.*

1.   *Statute of limitations; its application to suits in equity.*—The Code, affirming the pre-existing doctrine prevailing in courts of equity in this State, expressly declares that the statute of limitations shall apply to suits commenced by bill in chancery; and the filing of the bill is declared to be the commencement of the suit (Code of 1876, §§ 3758–9).

2.   *Same; how taken advantage of; when waived.*—In equity, the benefit of the statute may be claimed by demurrer, or by plea, or by answer; but the bar of the statute is matter of defense, which may be invoked or waived, at the election of the parties in whose favor it operates.   Unless claimed, it is waived; and the court can not, of its own motion, apply it as a defense for the benefit of parties who have waived it.

APPEAL from Sumter Chancery Court.

Heard before Hon. A. W. DILLARD.

The bill in this cause was filed on 25th of March, 1880, by Rufus K. Thompson and Jerome C. Thompson, judgment creditors of Marcus Parker, against him and Sarah E. Parker, his wife, and Samuel H. Sprott, as trustee under two deeds executed by Marcus Parker to him for the benefit of Sarah E. Parker, bearing date, and averred in the bill to have been executed, one on the 7th of February, 1868, and the other on the 5th of March, 1869, for the purpose of having the deeds declared fraudulent and void as against the complainants, whose debt is averred to have existed prior to the execution thereof; and to have the lands thereby conveyed sold for the satisfaction of their judgment.   The defendants separately demurred to the bill, assigning several grounds of demurrer, but failing to claim the benefit of the statute of limitations.   The cause was submitted on the demurrers, and the chancellor caused a decree to be entered, which, after overruling them, proceeded as follows :   "It ap-

[Thompson v. Parker.]

pearing from the facts of the bill, that the deeds impeached for fraud were made and recorded, respectively, in February, 1868, and March, 1869, and that the bill was filed March 25, 1880, more than ten years after the execution and record of said deeds; it is ordered, adjudged, and decreed, that said bill is wanting in equity, and is hereby dismissed, at the cost of the complainants, for which execution may issue." This decree is here assigned as error.

WATTS & SONS, for appellants.

SNEDECOR, CHAPMAN & SMITH, contra.

(No briefs came to the hands of the reporter.)

BRICKELL, C. J.—Prior to the Code, the doctrine prevailing in this State was, that in all cases of concurrent jurisdiction, the statute of limitations was as obligatory on courts of equity as on courts of law. In all cases of rights or demands of exclusive equitable cognizance, courts of equity adopted and obeyed them by analogy.—1 Brick. Dig. 698, §§ 852-3. The Code, affirming this doctrine, declares expressly, the filing of the bill is the commencement of suit, and that the statute of limitations shall apply to suits commenced by bill in chancery.—Code of 1876, §§ 3758-9.

In equity, advantage of the statute may be claimed by demurrer, or by plea, or by the answer. When it is relied upon, if the case made by the bill is *prima facie* within the statute, and there is any reason for excepting it, the matter of the exception should be introduced by an amendment of the bill.—1 Brick. Dig. 699, §§ 859-60. The bar of the statute is matter of defense, which may be invoked or waived, at the election of the parties in whose favor it operates. If not the matter of a plea in courts of law, or appropriately suggested as a defense in courts of equity, the presumption is that it is waived. Neither court can, of its own volition, apply it as a defense for the benefit of parties who have waived it.

The case made by the bill, it may be, is *prima facie* within the bar of the statute of limitations. The parties entitled to the protection of the statute did not assign that as a cause of demurrer. They rested their defense wholly on other distinct grounds pronounced by the chancellor insufficient. It was not within his province to plead the statute for them—to interpose a defense they had waived. If they had interposed the statute as a defense, it may be, the complainants

[Edwards v. Dwight.]

could, by an amendment of the bill, have withdrawn the case from its operation.—*Parker v. Jones*, 67 Ala. 234.

Reversed and remanded.