# Dickens *v.* Murray & Peppers.

## *Assumpsit.*

(Decided Dec. 16, 1909. 50 South. 1019.)

1. *Appeal and Error; Harmless Error; Evidence.*—Where a defendant testified that he sent the plaintiffs a statement corresponding with the entry in a memorandum book as to how many days the boat worked, if it was error to refuse to exclude part of the memorandum showing how many days the boat worked, it was harmless; the action being for the rent of a boat.

2. *Evidence; Hearsay.*—Where the action was for the rent of a boat and the defendant was absent part of the time, the defendant could not state as a witness, what an employe told him as to the number of days the boat worked, such a statement being hearsay.

3. *Charge of Court; Misleading Instructions; Request for Explanation.*—If the charges correctly state the law, but contain mis-

leading tendencies, it is the duty of the adversary party to ask explanatory charges.

APPEAL from Mobile Law and Equity Court.

Heard before Hon. SAMUEL B. BROWNE.

Action by Murray & Peppers against Charles C. Dickens. Judgment for plaintiffs, and defendant appeals. Affirmed.

For the facts in this case, see the former report thereof in 149 Ala. 240, 42 South. 1031. The following charges were given at the request of the plaintiff: (2) "If you are reasonably satisfied from the evidence in this case that the plaintiffs rented the hoister to the defendant at $10 per day, and that the defendant used the hoister under the contract, then you must find for the plaintiffs, unless you are reasonably satisfied from the evidence that the defendant has paid the plaintiffs in full for the use of the hoister, and the burden of proving payment is on the defendant." (3) "The court charges the jury that if you are reasonably satisfied from the evidence that defendant used plaintiffs' hoister under an agreement that he would pay them $10 for each day he used it, and that he has not paid them in full for the use of the hoister, then you must find for the plaintiffs, and assess their damages at such an amount as will compensate them, at the rate of $10 per day for the number of days that remain unpaid for." (4) "The court charges the jury that if you are reasonably satisfied from the evidence in this case that plaintiffs rented a hoister to defendant at the rate of $10 per day for each day the hoister worked, and that the defendant used the hoister under this agreement, and has not paid plaintiffs in full for its use, then you must find for the plaintiffs, and assess damages at such sum as will compensate them, at the rate of $10 per day for each day defendant used the hoister and failed

to pay the plaintiffs." (7) "The court charges the jury that, if you find for the plaintiffs, the plaintiffs are entitled to $10 a day for each day unpaid for, together with interest at the rate of 8 per cent. per annum from the date payment should have been made to the date of trial."

GREGORY L. & H. T. SMITH, for appellant.—The court erred glaringly in declining to exclude the memoranda introduced by the plaintiff. The court also erred in excluding the statement by defendant that on February 1, he made a settlement for a total of 16 and one-half days, and sent plaintiff a check for $165.00.— *Thornton v. The State,* 113 Ala. 43; *S. & N. v. McLendon,* 63 Ala. 266; *Miller v. The State,* 104 Ala. 20; *Bir. Ry. v. Franscomb,* 124 Ala. 621; *Prince v. The State,* 100 Ala. 145; *Holmes v. The State,* 100 Ala. 80; *A. G. S. v. Lynn,* 103 Ala. 134. Counsel discuss other assignments, but without citation of authority.

FITTS & LEIGH, for appellee.—Most of the errors insisted on were decided adversely to appellant in former report of this case, 149 Ala. 240. The court did not err in admitting the memoranda, and this error is without injury.—*A. G. S. v. Frazer,* 93 Ala. 45; *Phenix I. Co. v. Moog,* 78 Ala. 284; 149 Ala. 212. The court did not err in sustaining objections to the statement of defendant that the boat worked sixteen and one-half days, and that he made settlements for the same. The court did not err as to charges given.—*McWilliams v. Phillips,* 71 Ala. 80.

DOWDELL, C. J.—This is an action on the common counts. The pleas are the general issue and payment. There is no dispute as to the terms of the con-

tract, which was verbal, for the rent of the boat and hoist. The rent was at the rate of $10 per day while the boat and hoist were operated. It was agreed in open court that $750 had been paid on the rent under the verbal contract, fixing it at the rate of $10 per day while the machine was in use, and which said contract covered a period from September 28, 1903, to April 5, 1904. The real controversy is as to the number of days the machine was in use.

In establishing their claim the plaintiffs introduced in evidence certain book entries, set out in the transcript before us, showing the number of days that the machine was operated by the defendant. Peppers, one of the plaintiffs, examined as a witness, testified that he made the entries, and that he made them from weekly statements made to him by Steadham, the engineer in charge of the boat and hoist. The witness testified to the correctness of the entries made by him from Steadham's entries. Steadham testified to making weekly statements to Peppers, and that Peppers entered them in the book as he made them to him. This witness further testified that the weekly statements made by him to Peppers correctly showed the number of days the boat and hoist were used by the defendant. On this state of the evidence, it was on the former appeal in this case (*Murray & Peppers v. Dickens*, 149 Ala. 240, 42 South. 1031) ruled that the original entries so made were competent and admissible, citing authorities in support of the ruling; and we now adhere to that decision.

It is insisted, however, by the appellant, that the evidence showed that the witness Steadham was sick and absent from the work for three weeks from the 28th day of September, 1903, and could not have had any personal knowledge of the number of days that the

boat and hoist were used during that period, and that the trial court therefore erred in overruling the appellant's motion to exclude from the evidence that portion of the book entries made by Peppers, showing the number of days of work during said period. The witness Steadham testified that he carried the boat to Dickens' landing, and returned to Mobile, and was sick and absent three weeks; but he did not state when he carried the boat to Dickens' landing, and, for aught that appears from his testimony, it might have been three weeks before he began to make any statements to Peppers. He testified that the statements he made to Peppers, as to the dates the boat and hoist worked were correct; and Peppers testified that the entries were made from statements given in to him by Steadham. It is true that, after the motion to exclude had been ruled on, the defendant, testifying as a witness in his own behalf, stated that Steadham was absent for three weeks from the 28th day of September; but no motion to exclude was made after the introduction of this evidence. Moreover, the motion to exclude was single and entire as to three weeks commencing with September 28th, and there was evidence by the defendant himself that he sent in to the plaintiffs a statement of the first week's work, which corresponded with the entry admitted in evidence. Certainly there was no injury to the defendant in the refusal to exclude this part of the memorandum offered, and which was included in the motion to exclude. We fail to see that any error was committed in the trial court's action in overruling the defendant's motion to exclude the book entries that was prejudicial to the defendant.

It was not competent for the defendant, when testifying in his own behalf to state what Steadham told his as to the number of days the boat worked during a particular week, when he (witness) was absent.

There was no effort in this evidence to impeach Steadham, and what Steadham told the witness was purely hearsay evidence.

During the course of the examination of the defendant as a witness, he was asked by his counsel the question: "Now, when did you make a settlement?" The witness answered: "On February 1st; total, 16½ days, for which I sent a check for $165." The plaintiffs moved to exclude this answer on several stated grounds, which motion the court sustained, and the defendant excepted; and thereupon the court qualified its ruling by stating, "I exclude that portion of the answer which was a conclusion of the witness," and to this the defendant reserved an exception. The court did not, as it should have done, indicate what portion of the answer it held to be a conclusion. It should not have left that a question for the jury. But, be this as it may, we are unable to see that any injury resulted from this action to the defendant. There was no issue of accord and satisfaction in the case. There was no controversy as to the amount of payments. The $165 payment mentioned in the answer of the witness was otherwise shown, and not disputed, by the introduction in evidence of the check through which it was made.

We have examined the several written charges given the jury at the request of the plaintiffs, and we find no fault with them. They each correctly stated the law. If they, or any one of them, possessed any misleading tendency, it was with the defendant to meet this by a counter or explanatory charge.

We find no error in the record prejudicial to the rights of the defendant, and the judgment will be affirmed.

Affirmed.

ANDERSON, SAYRE, and EVANS, JJ., concur.