(83 South. 479)

MOUNDVILLE LUMBER CO. v. WARREN.
(2 Div. 685.)

(Supreme Court of Alabama. Nov. 27, 1919.)

1. CONTRACTS ⊙⟝333(5), 334—REQUISITES OF PLEADING IN ACTION ON CONTRACT STATED.

In declaring on a contract, the pleader must either set out the contract literally or state its legal effect, averring the facts showing defendant's obligation, and, if on parol contract, stating the consideration.

2. CONTRACTS ⊙⟝324(1)—RIGHT OF ACTION ON BREACH OR ABANDONMENT STATED.

If a contract has been fully performed, except payment, or if breached or prevented of performance by defendant, or abandoned by mutual consent, the plaintiff may recover on common counts the amount due, or, as the case may be, for damages for breach of contract.

3. EVIDENCE ⊙⟝354(5)—ADMISSION OF LEDGER WITHOUT ORIGINAL DAYBOOK ENTRIES NOT IMPROPER.

In assumpsit for lumber sold and delivered, it was not error to admit the seller's ledger in evidence without the original daybook entries, made by plaintiff from his own inspection and from reports furnished him by another, where the evidence of plaintiff and such third person constituted proof of the correctness of the whole account, in view of Code 1907, § 4003.

4. EVIDENCE ⊙⟝177—AS TO AVERAGE WAGON LOAD OF LUMBER DELIVERED TO PURCHASER ADMISSIBLE.

In assumpsit for lumber sold and delivered, it was not error to permit plaintiff to testify what was the average wagon load delivered to defendant, where the witness testified from his personal knowledge, and from his ledger as to the contents of a few loads checked by a third person; the court not being forced to average the loads reported by the third person.

Appeal from Circuit Court, Perry County; B. M. Miller, Judge.

Assumpsit by T. L. Warren against the Moundville Lumber Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Plaintiff stated his cause in several counts, the common count and several counts for breach of contract. The pleas were the general issue, payment, and set-off. The other facts sufficiently appear.

A. W. Stewart, of Marion, and R. B. Evins, of Greensboro, for appellant. Counsel discussed the assignment of error, but without citation of authority.

Arthur M. Pitts, of Selma, for appellee. Counsel discussed the pleadings, and cites authority. He insists that the evidence was properly admitted, and in support thereof cites the following: 11 Am. Dec. 730; 149 Ala. 240, 42 South. 1031; 104 Ala. 248, 16 South. 61; 135 Ala. 490, 33 South. 177.

THOMAS, J. The suit was on contract. The general issue and payment were pleaded. The trial was by the court without a jury, and judgment was for plaintiff.

[1, 2] In declaring upon a contract, the pleader must either set out the contract literally or state its legal effect (Davis v. Campbell, 3 Stew. 319, 321), averring the facts showing defendant's obligation, and, if on parol contract, stating the consideration (B. R. L. & P. Co. v. Littleton, 77 South. 565, 573 [1]). If the contract has been fully performed, except payment, or if breached or prevented of performance by defendant, or abandoned by mutual consent, the plaintiff may recover on common counts the amount due (Lowy v. Rosengrant, 196 Ala. 337, 340, 71 South. 439; Russell v. Bush, 196 Ala. 309, 315, 71 South. 397), or, as the case may be, for damages for breach of contract (B. R. L. & P. Co. v. Littleton, supra). Appellant's counsel do not insist in argument on demurrer to the complaint. Georgia Cotton Co. v. Lee, 196 Ala. 599, 603, 604, 72 South. 158.

The evidential effect of account book entries between the parties, under section 4003 of the Code, is declared in Donaldson v. Wilkerson, 170 Ala. 507, 54 South. 234, Dickens v. Murray & Peppers, 163 Ala. 556, 50 South. 1019, Murray & Peppers v. Dickens, 149 Ala. 240, 42 South. 1031, Sharp v. Blanton, 194 Ala. 460, 69 South. 889, Loveman, Joseph & Loeb v. McQueen, 82 South. 530,[2] and of entries made in the due course of business as evidence of collateral facts in a suit between third persons was recently declared in Sharp v. Blanton, supra; Shirley v. Sou. Ry. Co., 198 Ala. 102, 73 South. 430, 433, and Loveman, Joseph & Loeb v. McQueen, supra.

The testimony of plaintiff was from his ledger, and its introduction in evidence was necessary to his right of recovery in the amount of his judgment. His various witnesses testified to having hauled the lumber after it was checked by or for plaintiff, and of its delivery to defendant company as so checked. They did not testify as to the number of pieces, dimensions, or value of the lumber so delivered. These facts were duly noted as delivered and entered by plaintiff, at night, on his ledger. This ledger is an original, permanent "account book," made up by plaintiff's transcript thereof, from his memorandum or "pocket daybook," of the many items, transactions, quantity, and quality of lumber, the subject of the act of delivery to defendant of said lumber per contract terms. There was no evidence of the loss or destruction of said "pocket daybook," or special reason given for its nonproduction at the trial. Objection to the introduction in evidence of said ledger was rested on this failure, and on the further ground that it contained, as a part of plaintiff's account with defendant, deliveries of lumber which were not of plaintiff's personal knowledge; that is to say, there were entries on the ledger of quantity, quality, and dimensions of lumber reported to plaintiff by a third party as having been delivered to defendant, of the correctness of which plaintiff had no independent knowledge.

Plaintiff's account of his knowledge of the several deliveries of lumber to defendant is illustrated by his testimony as follows:

"I know how much lumber each and every man brought, and the kind of lumber, because it is in my ledger here in court. I have no independent recollection of what each and every man brought, but I can take that ledger and tell. I had 54 people hauling for me. [The plaintiff, as witness, was referring to the several deliveries of lumber made by his wagons to the defendant.] I checked these loaded wagons and lumber on each, giving each piece by length and width separately, then calculated it and took the feet from it [meaning his ledger] and wrote it up at night. I made this original memoranda [his ledger] at the time I did the counting in my pocket daybook. I cannot produce them [the pocket daybook], because I have not got them here. At night I would transfer them from this book to the ledger here in court."

The defendant moved to exclude this testimony of the amount of lumber claimed to have been delivered to defendant, on the ground that the same was testified to from an examination of the ledger, which was not the original entry, and on the further ground that the "pocket daybook," in which the same was originally entered, was the best evidence. The court overruled the motion, to which due exception was reserved. The court then asked the witness:

"You copied that on your ledger direct from your memorandum book? A. Yes, sir; I did.

___

[1] 201 Ala. 141.    [2] Ante, p. 280.

Q. What did you put on that ledger? A. 2x4, so many feet; 2x6, so many feet. That is the way Mr. Henry rendered me the invoice. [Mr. Henry was the president of the defendant corporation.] Q. Now, in making that statement which you have sworn to from your ledger, did you, or not, show on that ledger the amount of each individual load hauled from your mill to the Moundville Lumber Company? A. Yes, sir. Q. And you have not got that daybook here? A. No, sir."

Defendant renewed its motion to exclude the testimony or statement of plaintiff, after consulting his ledger, upon the ground indicated. The court overruled the motion, and due exception was reserved.

A witness, Mr. Stone, testified that he checked some lumber the plaintiff sent over by wagon to the defendant and correctly gave to plaintiff the result of his inspections. The several persons hauling said lumber testified that as the same was checked on their respective wagons it was duly delivered to and received by defendant. All of the lumber so delivered was counted, inspected, or checked either by plaintiff, Mr. Henry (president of the defendant company), or Mr. Stone. Plaintiff again took the stand and identified the pages of his ledger where the lumber account in question was kept. He then offered in evidence the part of the ledger so indicated, to which defendant again renewed objection, and while the same was pending the court asked the witness:

"You made those entries yourself? A. Yes, sir. Q. Do you know them to be correct? A. Yes, sir. Q. Made from your own account of the wagons? A. Yes, sir. Q. And from what this other man, Stone, delivered to you? A. Yes, sir."

On cross-examination by the defendant, the plaintiff, as a witness, further illustrated the method of keeping account of his deliveries of lumber and his entry thereof on his ledger, as follows:

"I kept a daybook, a little memorandum book on which I would enter, as I checked it, the lumber, which I myself checked. Charley Stone checked lumber that went to the Moundville Lumber Company, besides myself. I was never present when he checked it. * * * These figures on that ledger are made from the *memorandum book he and I both kept from memoranda that Charley Stone gave me and told me was correct.*"

Thereupon defendant renewed its objection to the introduction in evidence of the indicated pages of the ledger on the same grounds theretofore indicated, and upon the further grounds that it was not shown which entries on the ledger were copies made by plaintiff and which were copies of entries or check made by Stone and that it was not shown that those entries related to the lumber for which the suit was brought. At this juncture the court asked the witness how many loads Mr. Stone checked, and was answered, "About a dozen loads." Witness further testified that the balance of lumber was checked by him (witness). Thereupon the court overruled defendant's objection to admitting the ledger in evidence, to which ruling the defendant duly excepted.

[3] In this ruling the court was not in error—in admitting the ledger in evidence without the original "pocket daybook" containing the memoranda made by plaintiff from his own inspection and from the reports to him by Stone. As we have observed, said Stone testified that he took the thickness, length, and width of every piece checked by him, and turned it over to plaintiff, Warren; that he inspected each wagon to "see what stuff was on there, and that evening or that night," whenever witness saw Mr. Warren, would "tell him about it"; that is, "would turn it in to him when he came in." Loveman, Joseph & Loeb v. McQueen, supra; Ala. Iron Co. v. Smith, 155 Ala. 287. 46 South. 475. Taking the evidence of Warren and of Stone, there was proof of the correctness of the whole account.

[4] Prejudicial error was not committed by the court in permitting plaintiff to testify, over defendant's objection, "what was the average wagon load brought over," referring to lumber hauled to defendant. The witness answered:

"About 700 feet. I did not check personally about a dozen loads. Mr. Henry checked some of the lumber for me. He checked about 80,000 feet. Other than the 80,000 feet that Mr. Henry checked, and the dozen loads, of 700 feet average, making 8,400 feet, either Mr. Stone or I checked all the other wagons. There was 60,551 feet of 2x4, 101,601 feet of 2x4, 31,271 feet of 2x8 and 3x8, and about 93,548 feet of 1-inch stuff, making a total of 286,971 feet."

This answer shows witness testified from his personal knowledge, and from or by his ledger as to the contents of the few loads of lumber checked by Stone. This, however, was rendered certain by Stone's evidence, the testimony of the wagon drivers, and by the ledger entries of the same, promptly made by plaintiff. The court was not forced to resort to the expediency of averaging the 12 loads checked by Stone and reported by him to Warren. Proof of the whole account was made by the testimony of plaintiff as a witness in his own behalf, and by Stone, who supplemented the inspection of the 12 wagons by reporting the result correctly to his principal, who thereupon correctly and promptly transcribed the same on the ledger admitted in evidence.

The judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and BROWN, JJ., concur.