(86 South. 529)

MONK et ux. v. STUART. (3 Div. 443.)

(Supreme Court of Alabama. June 10, 1920. Rehearing Denied Oct. 21, 1920.)

1. Bankruptcy ⊝≫303(2)—Trustee stands in shoes of bankrupt as concerns admissibility of evidence in his suit.

A trustee in bankruptcy suing as such has the same rights as to admissibility of evidence as if his bankrupt were the party plaintiff.

2. Evidence ⊝≫376(1)—Book account kept by seller of property regarding transactions with buyer admissible for seller's trustee.

In suit to enforce a vendor's lien on property transferred by defendant husband to his wife as a volunteer, book account kept by the seller, plaintiff trustee's bankrupt, against the buyer, beginning with a charge for the house, and crediting him with items of salary and commission, held properly authenticated so as to be admissible in evidence for plaintiff trustee in bankruptcy of the seller.

3. Husband and wife ⊝≫138(7)—Wife buying through husband bound by knowledge as to payment of balance of purchase money.

Where a husband bought property as sole agent for his wife, she was bound by knowledge he acquired as to payment of the balance of the purchase money.

4. Appeal and error ⊝≫1050(1)—Admission of account not prejudicial to defendants sued for foreclosure of vendor's lien.

In suit to enforce vendor's lien on real property, defendant purchaser, who transferred title to his wife as a volunteer, not having shown payment, admission in evidence of the account between the purchaser and the seller, if erroneous, held not prejudicial to defendants, husband and wife.

5. Vendor and purchaser ⊝≫265(1), 281(1) — Vendor's lien follows property, and burden to show waiver or abandonment on one asserting it.

A vendor's lien follows the property, and the vendor has a lien for the unpaid balance in the absence of waiver or abandonment; the burden of showing waiver or abandonment being on him who asserts it.

Appeal from Circuit Court, Montgomery County; W. L. Martin, Judge.

Bill by George Stuart, as trustee in bankruptcy of C. Y. Bogacki, against T. A. Monk and wife, to enforce vendor's lien. From decree for complainant, respondents appeal. Affirmed.

The controversy was over the purchase of a house which was built by Bogacki and purchased by Monk for the sum of $6,000, Monk assuming a $3,500 mortgage, the balance to be paid out of his salary and commissions, he being at the time employed by Bogacki. By agreement the deed was made to Mrs. Monk. The bill acknowledges the credit of $770.91, and claims a balance of $1,729.09. The account in question was the alleged book account kept by Bogacki against Monk beginning with the charge of $2,500 for the house and credited him with sundry items of salary and commissions.

Rushton, Williams & Crenshaw, Mark D. Brainard, and Ball & Beckwith, all of Montgomery, for appellants.

A witness can only testify as to facts such as are within his personal knowledge. 57

───────

⊝≫For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Ala. 515; 67 Ala. 461; 6 Ala. App. 518, 6 South. 445; 184 Ala. 199, 63 South. 949; 166 Ala. 255, 51 South. 998, 52 South. 829, 53 South. 339; 173 Ala. 550, 55 South. 828; 4 Cranch, 62, 2 L. Ed. 550. Under these authorities, the account offered in evidence was not properly identified, and hence improperly admitted.

Steiner, Crum & Weil, of Montgomery, for appellee.

As to the shop-book rule, see 194 Ala. 460, 69 South. 889. The account was merely evidence, to be rebutted or rejected as to the court and jury may seem proper. 34 Ala. 191. It is not now necessary that the entries should have been made contemporaneously with the transactions to which they relate. 149 Ala. 240, 42 South. 1031; 6 Ala. App. 208, 60 South. 556. See, also, 73 Cyc. 498. The burden was on appellant to prove payment. 90 Ala. 319, 7 South. 834; 173 Ala. 556, 55 South. 828; 79 South. 156. The account was admissible under the decision. 104 Ala. 248, 16 South. 61; 201 Ala. 29, 77 South. 323.

THOMAS, J. The respective counsel agree that the one question insisted upon by counsel (Georgia Cot. Co. v. Lee, 196 Ala. 599, 72 South. 158, 160) is the admissibility in evidence of the statement of account in question.

The bill was to enforce a vendor's lien on the real property described in the pleading by a trustee in bankruptcy of the estate of C. Y. Bogacki against T. A. Monk and Mayme Elizabeth Monk. There was conflict in the testimony of Mr. Monk and Mr. Bogacki as to what was the agreement of sale. Counsel for appellant say, "No point is raised on this appeal growing out of such conflict," and in their brief they raise the sole question of the admissibility of said evidence as follows:

The trial court "erred in admitting the alleged statement of account in evidence, upon which the decree was based, and for that error the judgment of the lower court must be reversed."

[1] The distinction between the "shop-book" rule of the common law, finding expression in Code, § 4003, and the rule grounded on necessity for the introduction of entries made in the regular course of business, was adverted to in Sharp v. Blanton, 194 Ala. 460, 69 South. 889; Shirley v. Sou. Ry. Co., 198 Ala. 102, 73 South. 430; Loveman, Joseph & Loeb v. McQueen, 203 Ala. 280, 82 South. 530; Moundville Lbr. Co. v. Warren, 203 Ala. 488, 83 South. 479. The trustee in bankruptcy must or not prevail in his insistence, as to the rule of introduction of evidence, as if Mr. Bogacki had been the party to the record. It touches his assets and liabilities in the sense as if he was the real party in interest. As to him the rule that governed was that given exposition in Loveman, Joseph & Loeb v. McQueen, supra, and Moundville Lbr. Co. v. Warren, supra.

[2] It is beyond controversy that Bogacki was to charge Monk $2,500 for the house, which was expected to be liquidated by commissions to be earned by the latter under his employment or association with Bogacki in their building operations. Monk admitted the correctness of the items of $122.50, interest, and $25 for a wardrobe, and that the consideration for the house was $2,500. The witness De Cotts testified that he did not know of the correctness of these three items. So the admission in evidence of the account did not harm defendant as to said three items. As to the other items, Bogacki testified that Monk owed him "seventeen hundred and some odd dollars." De Cotts testified that the account was a correct transcript from appellee's books (which had been destroyed), so far as witness could tell by looking at it, up to the time he left in December, 1912, except as to the three items of the house, $2,500, interest, $122.50, and wardrobe, $25. So much for the debit entries.

Mr. Bogacki testified to the correctness of the several items of credit amounting to $2,001.50, leaving a balance of $1,729.09, and the witness said that at the time these entries were made he knew them to be correct. When therefore the testimony of appellee is considered with that of witnesses Monk and De Cotts, it proves the correctness of the account introduced in evidence, and the same was properly admitted. Moundville Lbr. Co. v. Warren, supra.

In Pollak v. Winter, 173 Ala. 550, 556, 55 South. 828, 830, it is observed:

"An indebtedness once thus shown, the burden of proving a discharge by payment devolves upon the defendant. These conclusions are in accord with 'the principle that he who alleges himself to be creditor of another is obliged to prove the fact or agreement upon which the claim is founded; * * * that, on the other hand, when the obligation is proved, the debtor, who alleges that he has discharged it, is obliged to prove the payment,' which is 'one of those propositions in which every system of jurisprudence must concur in general, whatever particular rules may be adopted, as to the mode and form of the allegations by which the necessity of such proof is to be determined.' 1 Phil. Ev. 810, note." Shepherd v. Butcher, 198 Ala. 275, 73 South. 498.

[3-5] Mr. Bogacki testified that $2,500 was to be charged Monk for the house. The testimony of Monk and Bogacki was said by appellant's counsel to be in conflict, but that "no point is raised" as to the conflict. It may be that such assumption or admission was the assumption of the burden of showing payment by appellant. The admissions of Monk that he understood he was to be charged $2,500 for the house by Bogacki bound the wife as a mere volunteer in taking the title.

If she was a purchaser, the husband was her sole agent in the matter and bound her by the knowledge he acquired as to payment of balance of purchase money. Figh v. Taber, 203 Ala. 253, 82 South. 495; Overall v. Taylor, 99 Ala. 12, 11 South. 738. Not having shown payment, the admission of the account, had it been erroneous, would not have been prejudicial. Moreover, it is well settled that a vendor's lien follows the property and the vendor has a lien for unpaid balance in the absence of waiver or abandonment, and the burden of showing a waiver or abandonment is on him who asserts it. Napier v. Jones, 47 Ala. 90; Neel v. Clay, 48 Ala. 252; Gordon v. Bell, 50 Ala. 213; Buford v. McCormick, 57 Ala. 428; Woodall v. Kelly & Co., 85 Ala. 368, 5 South. 164, 7 Am. St. Rep. 57; Acree v. Stone, 142 Ala. 156, 37 South. 934. And no waiver or abandonment of the vendor's lien is shown.

The judgment of the circuit court is affirmed.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.