CARMICHAEL *vs.* BROOKS.

1. In an action between the endorsee of a draft or order, dishonored for non-acceptance, and the maker—a written admission of the payee, discharging the liability of the maker, is inadmissible in evidence.

2. A party, asking the action of the court, must be prepared to sustain the whole demand in the precise terms in which it is made, and the refusal to act will not be error, although a portion of the request might have been properly granted.

Error to Madison County court.

Assumpsit by endorsee against maker.

Brooks, as the assignee of Spencer, instituted suit against Carmichael, in the County of Madison, on an order in writing, of the effect following :

"The sheriff of Limestone county, will pay E. H. Spencer the amount of the judgment of mine against J. S. Hendrick, which is two hundred and seventy-nine dollars, which amount I am due said Spencer; and this order shall be your receipt.   This 16th January, 1835.                          D. CARMICHAEL."

*Endorsed—*

"The sheriff of Limestone county will pay over, when collected, the amount of the within order to Mr. John Brooks.   November 19th, 1835.        E. H. SPENCER."

"Not accepted, for want of funds in my hands.   26 January, 1835.                     THOMAS G. TYUS,

Sh'ff of Limestone county."

The declaration is drawn in the usual form, and avers a presentment for acceptance to the drawee, his refusal

Carmichael *vs.* Brooks.

to accept, and notice to the drawer. It also avers, that the drawer had no funds in the hands of the drawee. In the progress of the trial, the plaintiff read the order and its endorsements in evidence to the jury, and also produced and read in evidence, a paper which purported to be a protest of an order, similar to the one described in all respects, except the amount and direction : the former of which is stated as " two hundred and seventy-*five* dollars," and the latter " directed to *Thomas G. Tyus*, sheriff of Limestone county." This protest was made by a justice of the peace, in the absence of a notary public.— What other evidence, if any, was offered by the plaintiff, is not disclosed by the bill of exceptions.

The defendant proved by a witness, the signature of Spencer, (the drawer of the order,) to an instrument in writing, in these words :

" This may certify, that the judgment that D. Carmichael sold me on J. S. Hendrick, is to have no recourse on said Carmichael, further than said Carmichael is to favor the collection of said debt. This 16 January, 1835. E. H. SPENCER."

And then offered to read it in evidence to the jury, but the court excluded it.

The defendant then moved the court to exclude the evidence previously admitted on the part of the plaintiff, of the order and protest—and this being refused, tendered his bill of exceptions on both points. The refusal to permit the instrument signed by Spencer to be read in evidence, and the refusal to exclude the evidence of the order and protest, are assigned as matters of error.

Carmichael vs. Brooks.

*McClung*, for plaintiff in error.
*Hopkins*, contra.

GOLDTHWAITE, J.—A very brief examination will serve to show that the instrument signed by Spencer, and offered in evidence, was rightfully excluded. It purports to be the written admission of Spencer, made on the same day that the order by Carmichael to the sheriff was executed, of a condition in the contract of endorsement, which, if actually made, would discharge Carmichael from all liability to Brooks—he coming to the possession of the order after its dishonor, and being consequently put on enquiry into all the equities existing between the drawer and payee.

When the signature of Spencer was established to this instrument, it evidenced nothing more than his *admission* that such was the contract between him and Carmichael, but did not prove that such a contract was *in fact* made.

Spencer would have been a competent witness for Carmichael, and if the contract was in truth such as is described by the writing, could have established the fact, but the instrument itself might be made at any time previous to the trial; the fact therein stated might never have existed, and if competent evidence, the plaintiff's action might be defeated by the combination of Spencer with the defendant, and neither of them be guilty of perjury or forgery. The law is not so defective in guarding the rights of parties, as to permit consequences like these. It is urged that the instrument was, at least, *prima facie* evidence of having been made at the time it bears date, and that the plaintiff ought to be put on the proof,

Carmichael *vs.* Brooks.

that it was not then made; but this proof would be entirely out of his power, unless witnesses were present when the contract of endorsement was entered into, who might be able to swear that no such writing was then given, and no such condition introduced in the contract. Spencer, if called as a witness to establish a liability in Carmichael to Brooks, would clearly be an incompetent witness, and would not be permitted to disprove any matter of defence. There was no error in rejecting the writing.

The other point is equally clear against the plaintiff in error. If the application to the County court, had been to exclude the *protest* on account of the variance, or if the effect of the variance in the description of the order protested and the one sued on, had been the subject of a specific charge, we should feel bound to examine the question with the attention it would then deserve, but the request was to exclude the *order* as well as the *protest*. There is no valid objection urged against the admission of the order, and as the County Court was bound to respond only, to the entire request of the defendant, there was no error in refusing to exclude the *entire* evidence then before the jury, as a *part* of it was certainly obnoxious to no objection.

The rule is well settled, that a party asking the action of the court on any subject, must be prepared to sustain the action demanded, in the precise terms in which the request is made, and the refusal of a court to act in the manner requested will not be error, although a portion of the request might have been properly granted, and should have been, if asked independent of the other part

—(Elliot et al. vs. Purrol, 1 Peters, 328; Moore vs. Leftwich, 1 Stewart & Porter, 254.)

Let the judgment be affirmed.