TURNER and WIFE *vs*. KEY'S ADM'R.

[FINAL SETTLEMENT AND DISTRIBUTION OF DECEDENT'S ESTATE.]

1. *Bill of exceptions necessary.*—An appeal from the decree of the probate court, rendered on the final settlement and distribution of a decedent's estate, is required (Code, § 1891) to be tried on bill of exceptions; and where the record contains no bill of exceptions, the appeal will be dismissed.

APPEAL from the Probate Court of Russell.

IN the matter of the final settlement and distribution of the estate of Madison T. Key, deceased. The errors assigned question the correctness of the rulings of the probate court in refusing to allow to the decedent's widow, now the wife of George W. Turner, a distributive share of said estate, on the ground that she had a separate estate.

A. EILAND, and JAS. E. BELSER, for the appellant.
BENJ. H. BAKER, *contra*.

RICE, C. J.—The constitution of this State (Art. V. § 2) declares, that this court shall have appellate jurisdiction, "under such restrictions and regulations, not repugnant to this constitution, as may, from time to time, be prescribed by law." The appeal in this case was taken

under section 1888 of the Code. It is one of the appeals which, according to section 1891 of the Code, "must be tried" in the appellate court on a bill of exceptions. The plain meaning of the section last cited is, that where there is no bill of exceptions, an appeal like this cannot be tried by the appellate court. To that restriction, or regulation, we are bound to conform; and as there is no bill of exceptions in this case, the appeal must be dismissed, at the costs of appellants.