## BARTEE AND WIFE vs. JAMES, ADM'R, &c.

[FINAL SETTLEMENT AND DISTRIBUTION OF DECEDENT'S ESTATE.]

1. *Appeal tried on bill of exceptions.*—An appeal from a decree of the probate court, rendered on the final settlement of an administrator's accounts, is required to be tried on the bill of exceptions, (Code, § 1891 ;) consequently, the appellate court will not look to other parts of the record, for supposed errors not disclosed by the bill of exceptions.

2. *Specific objection to deposition.*—A motion to suppress a deposition on a specified ground is a waiver of all other grounds of objection.

3. *Objection to deposition good in part only.*—A motion to suppress two depositions, on a specified ground which is not well taken as to one of them, may be overruled entirely.

4. *Construction of bill of exceptions.*—In a probate case, tried before the court without the intervention of a jury, a recital in the bill of exceptions, that the appellants "objected to the 5th volume of Porter's Reports," which was "offered and read in evidence" by the appellee, "being read for the purpose of proving any fact or facts ; but the court overruled their objection, and they excepted,"—is not sufficient to show that the volume was read in evidence for the purpose of proving any fact or facts.

APPEAL from the Probate Court of Chambers.

In the matter of the estate of Sylvester James, deceased, on final settlement of the accounts of Lee L. James, the administrator, who was cited to a settlement by James L. Bartee and wife ; Mrs. Bartee having been the intestate's widow. The several assignments of error, together with the material facts on which they are predicated, are as follows :

"1. That the court erred in refusing to suppress the depositions of Hiram James and William G. James, on motion of the appellants, as shown by the bill of exceptions." The motion to suppress these depositions was made "before the cause was announced ready for trial;" the only specified ground of objection being, "because said witnesses, and each of them, fail and refuse to answer the third and fourth cross-interrogatories propounded to them by said Bartee and wife." The answers of these witnesses are set out in the bill of exceptions,

Bartee and Wife v. James, adm'r, &c.

but it is not necessary to state them. The appellants reserved an exception to the overruling of this motion.

"2. That the court erred in permitting the 5th volume of Porter's Reports to be read in evidence to prove the existence of the statute law of North Carolina." In relation to this matter the statements of the bill of exceptions are as follows : "The administrator then read as evidence, from the Revised Code of North Carolina, adopted by the general assembly at the session of 1854, section 17 on page 244, and section 12 on page 300 ; and also offered and read in evidence Iredell's Digest of the North Carolina Reports, volumes 1, 2 and 3, and the 5th volume of Porter's Reports of the supreme court of Alabama. Bartee and wife objected to the 5th volume of Porter's Reports being read for the purpose of proving any fact or facts; but the court overruled their objection, and they excepted."

"3. That the court erred in not charging the administrator with the value of the slaves moved to be charged to him, upon the proof shown by the record and the bill of exceptions." As no exception was reserved by the appellants to the ruling of the court here referred to, the opinion of the court renders it unnecessary to state the evidence relating to the slaves in controversy.

"4. That the court erred in allowing the administrator compensation for extra services, beyond his regular commissions, as shown by the record and bill of exceptions." The decree shows that the administrator was allowed $200, as compensation for extra services. The bill of exceptions sets out the evidence adduced by the administrator to show the value of the services rendered by him, and, after stating "substantially all the evidence in the cause, upon which the court rendered a decree against Bartee and wife on the issues joined," adds, "Bartee and wife objected to compensation and attorney's fees being allowed to the administrator;" but it is not shown that any exception was reserved by them to the ruling of the court in allowing extra compensation.

The other assignments of error require no notice.

BARNES & ALLISON, for the appellants.

BROCK & PRESLEY, contra.

RICE, C. J.—This is one of the appeals which section 1891 of the Code requires us to try on the bill of exceptions.—Turner and Wife v. Key's Adm'r, 31 Ala. 202.

"The rule is well settled, that a party, asking the action of the court on any subject, must be prepared to sustain the action demanded in the precise terms in which the request is made; and the refusal of a court to act in the manner requested will not be error, although a portion of the request might have been properly granted, and should have been, if asked independent of the other part."—Carmichael v. Brooks, 9 Porter, 330.

Under that rule, we cannot reverse the decree in the present case, on account of the overruling of the motion of appellants to suppress "the depositions of Hiram James and William G. James." They put their motion on a specified ground, to-wit, the failure to answer the third and fourth cross-interrogatories; and by putting it on that specified ground, they waived all other grounds. Creagh v. Savage, 9 Ala. R. 959. The specified ground must fail in toto, because it certainly is not good in part, to-wit, as to the deposition of Hiram James. He certainly has sufficiently answered the third and fourth cross-interrogatories. We do not decide what should have been done, if the motion had sought the suppression of the deposition of William G. James only. The motion asked the suppression of both depositions, which was clearly asking too much, and which therefore justified the court in overruling it in toto.—Walker v. Smith, 28 Ala. 569.

The trial was by the probate judge, without the intervention of a jury. The bill of exceptions purports to set forth "substantially all the evidence in the cause;" and by agreement of counsel, the law of North Carolina therein referred to, forms part of it. The bill shows that the plaintiff read as evidence the "5th volume of Porter's Reports of the supreme court of Alabama;" and that the appellants objected to its being read "for the purpose of proving any fact or facts;" but the bill utterly fails to

show that it was offered, admitted, or read for any such purpose. Construing the bill most strongly against the party excepting, as we are bound to do, we cannot say that the 5th volume of Porter's Reports was admitted as evidence to prove any fact or facts. Their saying that they objected to its being read for such a purpose, does not prove, as in their favor, that it was read for any such purpose. And we cannot put the court below in error, by construction or intendment, especially when, as here, the trial was by the judge himself, and when the 5th volume of Porter's Reports might have been read as evidence to him of some part of the law of Alabama, which he deemed important in the case. To justify us in reversing a decree of the court below, it is not enough that we do not see that its action was right; we must see that its action was wrong. Parties who seek the reversal of judgments, cannot gain anything by obscurity or uncertainty in the statement of the precise point decided in the primary court. With these views, we cannot reverse upon the statement contained in the bill of exceptions in relation to 5th Porter's Reports. There *may* possibly have been error in that respect, but it is not made to appear with sufficient clearness.

*The bill of exceptions* does not show that any issue was joined as to the allowance of compensation and attorney's fees to the administrator, nor that any such allowance was made: we therefore decide nothing as to such allowance. As we are required to try the case on the bill of exceptions, we cannot look to other parts of the transcript for supposed errors not disclosed in the bill itself. And as it fails to point out or disclose with sufficient clearness anything which justifies us in reversing, we must affirm the decree.