JONES v. BALLARD.    (6 Div. 246.)

(Court of Appeals of Alabama.    Nov. 13, 1923.)

**1. Trial** ⬤☞143—**Affirmative charges properly refused, where evidence conflicting.**

Where evidence was conflicting, requested affirmative charges were properly refused.

**2. Evidence** ⬤☞471 (25)—**Testimony as to delivery held objectionable as stating conclusion.**

Where delivery of lumber was one of the issues in an action in detinue, an objection to a question whether defendant delivered the lumber should have been sustained as stating a conclusion of witness.

**3. Trial** ⬤☞142—**General charge improper, where evidence permits contrary conclusion.**

If, under any aspect of the evidence, or reasonable conclusion to be drawn therefrom, plaintiff would be entitled to recover, a general charge for defendant would be error.

**4. Detinue** ⬤☞5—**Plaintiff must show legal title or right to possession.**

To maintain detinue for the recovery of chattels in specie, the plaintiff must have legal title or right to the immediate possession of the goods sued for.

⬤☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**5. Sales ⚙═⇒199—Complete when parties agree on all terms and intend to pass title.**

A sale is complete so as to pass title, when the parties mutually agree to all terms of sale and bind themselves to perform their respective obligations, and a sale of lumber could become complete without measuring or checking it, or even without paying for it, if the parties so intended, and, as between the parties, without delivery.

Appeal from Circuit Court, Pickens County; R. I. Jones, Judge.

Action in detinue by R. G. Jones, doing business as the Jones Lumber Company, against Tom Ballard. From a judgment for defendant for a part of the property sued for, plaintiff appeals. Reversed and remanded.

M. B. Curry, of Carrollton, for appellant.

Where the evidence is in conflict, the affirmative charge should not be given. Owings Lbr. Co. v. Reform F. & C. Co., 200 Ala. 615, 76 South. 973; Shealey v. Edwards, 73 Ala. 175, 49 Am. Rep. 43; Shriner v. Meyer, 171 Ala. 112, 55 South. 156, Ann. Cas. 1913A, 1103; Loval v. Wolf, 179 Ala. 505, 60 South. 298.

Patton & Patton, of Carrollton, for appellee.

To maintain detinue for the recovery of chattels in specie, the plaintiff must be clothed with the legal title or have the right to immediate possession. Boulden v. Estey Organ Co., 92 Ala. 182, 9 South. 283.

SAMFORD, J. The suit was brought claiming three items—a saw, some belting, and a lot of lumber, and while there are some exceptions to evidence the case really turns on the giving and refusing of the general charge as to each item.

[1] As to the saw and belting, we need not discuss, further than to say, the evidence was in conflict as to these items, and therefore the two affirmative charges as requested by plaintiff as to them were properly refused.

[2] While the defendant was being examined as a witness in his own behalf, he was asked this question: "Did you deliver the lumber to Mr. Jones on your yard?" This question was objected to on special grounds that it called for a conclusion, the court overruled the objection, and exception was reserved. One of the issues in the case was whether the lumber had been delivered, and while we can conceive of cases where the question would not be objectionable, in the case at bar it certainly called for the conclusion of the witness, and the objection should have been sustained.

[3] The principal question involved is as to the court's action in giving the general charge for defendant for the lumber. If under any aspect of the evidence or reasonable conclusions to be drawn therefrom, the plaintiff would be entitled to recover, the court would be in error.

[4] It is correctly stated in appellee's brief that:

"To maintain detinue for the recovery of chattels in specie, the plaintiff must be clothed with the legal title, or must have the right to the immediate possession of the goods sued for."

See Boulden v. Estey Organ Co., 92 Ala. 182, 9 South. 283; L. & N. R. R. Co. v. Parish, 16 Ala. App. 90, 75 South. 638.

[5] The foregoing is the question in this case to be determined by the evidence. The plaintiff contends and so testified that he bought the lumber from defendant and paid him for it, and there was other evidence tending to sustain this contention. The defendant's contention was otherwise, but, for the purposes of a decision here, the defendant's evidence need not be considered further than to say it conflicted with that of plaintiff. Was the lumber sold by the defendant to the plaintiff in such sort as to pass the title? Would the loss of the lumber by fire have fallen on plaintiff or defendant? Did the plaintiff and defendant agree on all the terms of sale and mutually bind themselves to perform their respective obligations imposed by the terms of the agreement? If so, the title to the lumber was in the plaintiff. Offutt v. Wells, 42 Ala. 199; Leigh Bros. v. M. & O. R. Co., 58 Ala. 165.

The sale of the lumber could take place and be complete so as to pass the title, without the measuring or checking the lumber, or even paying for it, if such was the agreement and intention of the parties. Aderholt v. Embry, 78 Ala. 185; Magee v. Billingsley, 3 Ala. 679.

Upon sales of specific personal property, in the possession of the vendor, the contract is complete when the parties agree; the property in the chattels then passes to the buyer, and in him is the right to possession. A sale is valid between the parties without a delivery. Pilgreen v. State, 71 Ala. 368; McCoy v. Moss, 5 Port. 88.

As this case is to be tried again, we do not discuss the evidence, but simply find that as to the law as above set out the facts were in conflict, and therefore the affirmative charge as to the lumber was erroneously given. In fact, under the evidence here presented, the whole case is one for the jury, under proper instructions from the court.

The judgment is reversed, and the cause is remanded.

Reversed and remanded.