83 So.2d 313

**Myra Booker SHARPE**

v.

**Merlie BOOKER et al.**

3 Div. 732.

Supreme Court of Alabama.

Nov. 10, 1955.

Robt. H. Jones and J. B. Nix, Jr., Jones & Nix, Evergreen, for appellant.

Brooks & Garrett, Brewton and Caffey, Gallalee & Caffey, Mobile, for appellees.

STAKELY, Justice.

On February 1, 1955, Merlie Booker and Eleanor Booker filed their petition in the probate court propounding for probate and record an instrument in writing alleged to be the last will and testament of Elmer L. Booker, deceased, and Florence Eugenia Booker, deceased. The instrument is dated December 14, 1945, and executed in due form by both Elmer L. Booker, deceased, and his wife Florence Eugenia Booker, deceased.

The allegations of the petition show that Elmer L. Booker died on August 15, 1946, which is approximately eight and one-half years prior to the filing of the petition to probate the aforesaid alleged will as the last will and testament of Elmer L. Booker, deceased. The allegations show further that Florence Eugenia Booker died February 15, 1952, approximately three years prior to the filing of the petition to probate the alleged will as the last will and testament of Florence Eugenia Booker, deceased.

Notice of the filing of the aforesaid petition was duly served on Myra Booker Sharpe (appellant), who appeared in open court and filed a demurrer to the aforesaid petition so far as it sought to probate the alleged instrument as the last will and testament of Elmer L. Booker, deceased. The court overruled the demurrer and after hearing the evidence admitted the will to probate. There were objections to certain questions propounded in the taking of the testimony. The purpose of these questions was to object to the probate of the instrument as the last will and testament of Elmer L. Booker and to object to the probate of the instrument as the last will and testament of Florence Eugenia Booker, the grounds of the objection being assigned separately and severally. The objections to the evidence were all overruled by the court.

There is no bill of exceptions in the record, showing any such objections or any such rulings or showing exceptions to any such rulings and there is no plea of the statute of limitations in the record.

The record sets out only a transcript of the evidence certified by a court reporter.

A motion has been made in this court to strike the transcript of the evidence because bills of exceptions have not been abolished on appeals from judgments of the probate court. Under the authority of Terry v. Gresham, 254 Ala. 349, 48 So.2d 437, this motion must be granted. This means that objections to admissibility of the evidence and the rulings of the court thereon cannot be reviewed here because of the absence of a bill of exceptions. Terry v. Gresham, supra. See Bivin v. Millsap, 238 Ala. 136, 189 So. 770.

And so we must look to the record to see whether we can pass on the question of the statute of limitations and we should observe here that § 34, Title 61, Code of 1940, which provides that wills shall not be effective unless filed for probate within five years from the date of the death of the testator, is a statute of limitations. Fuller v. Qualls, 241 Ala. 673, 4 So.2d 418.

This brings us to the ruling of the court on the demurrer. The probate court is a court of law. Moore v. Winston's Adm'r, 66 Ala. 296; Caperton v. Hall, 118 Ala. 265, 24 So. 122. And where it is sought in a court of law to interpose the statute of limitations as a defense, the statute of limitations must be specially pleaded. Ferguson v. Carter, 40 Ala. 607; Sharp v. Clopton, 218 Ala. 140, 117 So. 647; Tucker v. Tucker, 222 Ala. 595, 133 So. 714; Russell v. Garrett, 204 Ala. 98, 85 So. 420; Pyle v. Pizitz, 215 Ala. 398, 110 So. 822; Sovereign Camp, W. O. W. v. Carrell, 218 Ala. 613, 119 So. 640. The question of the statute of limitations is therefore not before this court.

There is another proposition to which we should refer in connection with the ruling of the court on the demurrer attacking the petition as a petition to probate the will of Florence Eugenia Booker. According to the allegations of the petition Elmer L. Booker and Florence Eugenia Booker died leaving assets in Escambia County, Alabama, and leaving "a joint last will and testament, duly signed and published by them," which was attested by two named witnesses and prays for probate of such instrument as the last will and testament of said decedents Elmer L. Booker and Florence Eugenia Booker. It is argued by the appellant that when the terms of the will that was offered for probate are considered, it is not a joint will as alleged, but was the individual will of Elmer L. Booker, the first to die and not the will of Florence Eugenia Booker. The will in terms is not set forth in the petition nor is is attached as an exhibit to the petition. We, therefore, are not able on the record before us to determine the question now sought to be raised. We think it appropriate to call attention to the fact that the petition alleges the execution of a joint will which was entitled to probate as the will of each testator. We appreciate very much the diligence of counsel in their efforts to furnish us with authority on the matter of joint wills. There seems to be little authority on the subject. In the case of Schumaker v. Schmidt, 44 Ala. 454, this court said:

"The best summary of the law, on this interesting and somewhat intangible subject, as derived from the authorities entitled to the greatest consideration, is that two or more persons may execute a joint will, which will operate as if executed separately by each, and will be entitled to, and will require a separate probate upon the decease of each, as his will."

From our examination of the record as presented here we consider that the judgment of the lower court is due to be affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and MERRILL, JJ., concur.