112 So.2d 191

**NATIONAL SAVINGS AND TRUST
COMPANY**

v.

**Cecile Durant HERRICK.**

**6 Div. 158.**

Supreme Court of Alabama.

Oct. 9, 1958.

Rehearing Denied May 14, 1959.

R. Macey Taylor, Birmingham, for appellant.

Wm. H. Ellis and Shuford B. Smyer, Birmingham, for appellee.

LAWSON, Justice.

On December 21, 1956, National Savings and Trust Company, of Washington, D. C., filed in the Probate Court of Jefferson County, Alabama, its petition for the probate of the will of Cecile De Bouy Herrick, deceased, in which petition it was alleged in part as follows:

"The petition of the undersigned respectfully represents unto your Honor that Cecile De Buoy Herrick, an inhabitant of Washington, District of Columbia, departed this life on or about the 21st day of August, 1955, leaving assets in Jefferson County, Alabama, and leaving a Last Will and Testament which has been duly admitted to probate and record in the United States District Court for the District of Columbia, in which your petitioner is named as Executor.

"Attached hereto is a copy of said will, together with the order admitting the same to probate, duly certified and authenticated as provided in Section 905 revised statutes of the United States [28 U.S.C.A. § 1738]."

The Probate Judge of Jefferson County, upon the filing of the petition, did not forthwith enter a decree admitting the will to probate. Instead he entered an order setting a hearing on the petition for January 11, 1957. There was a hearing, but we cannot tell from this record when it was held. Some time before the hearing the National Savings and Trust Company filed a petition for ancillary letters testamentary without bond. The petitions may have been filed at the same time, but the record does not so disclose. After both petitions were filed and before the hearing Cecile Durant Herrick, a daughter of the deceased and sole heir to her estate, filed her "Objection to Probate of Will and Issuance of Ancillary Letters Testamentary to National Savings and Trust Company." The grounds of objection, assigned to both petitions separately and severally, were:

"1. The deceased was at the time of her death a resident of the State of Alabama and resided in Birmingham, Jefferson County, therein.

"2. It does not appear from said petition that the National Savings &

Trust Company has either statutory or charter authority to act as an ancillary executor in the State of Alabama.

"3. It affirmatively appears from said petition that National Savings and Trust Company is a foreign corporation doing a banking business and having its principal place of business in the District of Columbia.

"4. It does not appear that National Savings and Trust Company is authorized to act as executor in the sovereign state of Alabama."

On February 26, 1957, the Judge of Probate of Jefferson County rendered an order or decree wherein he denied both petitions of National Savings and Trust Company. On March 26, 1957, the motion of National Savings and Trust Company to set aside the order of February 26, 1957, was overruled. On March 27, 1957, National Savings and Trust Company appealed to this court from the orders of February 26 and March 26, 1957.

■ Neither the provisions of § 46, Title 61, Code 1940, as amended, nor the full faith and credit clause of the United States Constitution, art. 4, § 1, operates to prevent the Probate Court of Jefferson County, in disposing of local assets, to determine anew the question of the domicile of Mrs. Cecile De Buoy Herrick at the instance of any interested party who is not bound by participation in the District of Columbia proceeding. Riley v. New York Trust Co., 315 U.S. 343, 62 S.Ct. 608, 86 L.Ed. 885; Burbank v. Ernst, 232 U.S. 162, 34 S.Ct. 299, 58 L.Ed. 551; Overby v. Gordon, 177 U.S. 214, 20 S.Ct. 603, 44 L.Ed. 741; Frederick v. Wilbourne, 198 Ala. 137, 73 So. 442; 2 Page on Wills, pp. 75 and 76.

The decree of February 26, 1957, shows on its face that there was a hearing to determine the question of the domicile of Mrs. Cecile De Buoy Herrick at the time of her death and that evidence was introduced at that hearing. However, there is no bill of exceptions in this record showing the evidence adduced at that hearing. The record contains a number of documents which obviously were not before the Probate Court at the time it rendered its decree denying the petitions of National Savings and Trust Company.

This court has held in many cases appealed from probate courts that under the provisions of law now codified as § 783, Title 7, Code 1940, if there be no bill of exceptions no question of fact can be reviewed here. McKnight v. Pate, 214 Ala. 163, 106 So. 691; Ex parte Sumlin, 204 Ala. 376, 85 So. 810; Jaques v. Horton, 76 Ala. 238; Alford v. Eubank, 44 Ala. 276; Reese v. Gresham, 29 Ala. 91; Harris v. Dillard, 31 Ala. 191; Turner v. Key's Adm'r, 31 Ala. 202. This rule was recognized in Sharpe v. Booker, 263 Ala. 592, 83 So.2d 313, which was an appeal from a judgment or decree of the Probate Court of Escambia County admitting a will to probate.

In Terry v. Gresham, 254 Ala. 349, 48 So.2d 437, this court held that the 1943 Act (Act No. 461, approved July 12, 1943, General Acts 1943, p. 423) which abolished bills of exceptions in certain courts, has no application to probate courts. That holding was recognized in Smith v. Rice, 265 Ala. 236, 90 So.2d 262, which was an appeal from the Probate Court of Jefferson County. The effect of our holding in Smith v. Rice, supra, was that a bill of exceptions is the proper method of presenting for our review fact questions on appeal from the Probate Court of Jefferson County, although the opinion does contain the following language: " * * * Whether or not this general rule is affected by the peculiar nature of the probate court of Jefferson County we do not need now to decide. See Act No. 633, Appvd. July 10, 1940, Gen. Acts 1939, p. 1000, Code 1940, Tit. 62, §§ 181(1)–181(7), Cumulative Pocket Part." 265 Ala. 241, 90 So.2d 267. The 1940 act referred to in the quotation from Smith v. Rice, supra, provides among other things that the probate court in counties having a population of 400,000 or more shall have general equity jurisdiction concurrent with that of

**136**

circuit courts, in equity, in the administration of estates of deceased persons, minors and insane persons, including testamentary trust estates. But it is expressly provided therein that appeals are to be taken in the manner and form as provided for appeals from the probate courts to this court.

We are of the opinion that the decree or decrees from which this appeal has been taken cannot be reviewed in the absence of a bill of exceptions. Sharpe v. Booker, supra; Smith v. Rice, supra.

From our examination of the record as presented here, we conclude that the decree of the Probate Court is due to be affirmed.

Affirmed.

LIVINGSTON, C. J., and STAKELY and MERRILL, JJ., concur.

On Rehearing

LAWSON, Justice.

We have given careful and sympathetic consideration to the earnest insistence made by counsel for appellant in brief filed in support of application for rehearing to the effect that this court can review the instant case in the absence of a bill of exceptions because it is said no oral testimony was adduced and the record contains all of the documentary evidence which was before the Probate Judge.

■ There was a hearing, as far as we can determine from this record. Even though no witnesses were examined orally, evidence was introduced in the form of documents. We feel that under our decisions cited in the original opinion a bill of exceptions was necessary to enable us to review the trial court's findings.

The application for rehearing is overruled.

LIVINGSTON, C. J., and STAKELY and MERRILL, JJ., concur.