TORBERT, Chief Justice.
On September 24, 1948, W.V. Lester, a non-resident of Alabama, died, leaving a will, which was probated in Texas that same year. In the will, Lester devised all his real and personal property to his widow, Lillian M. Lester. His property included an undivided one-half mineral interest in some Alabama real property. When Lester died in 1948, there was no time limit for the probate in Alabama of non-residents’ wills that had been proved out of this state. Code 1940, tit. 61, § 46.
In 1951, the legislature amended the statute to provide that a foreign will must be presented for probate in Alabama within five years from the date of the testator’s death. Acts of Alabama 1951, Act No. 988, September 12, 1951, pp. 1663-65. The plaintiffs, who claim title as though Lester had died intestate, argue that this amendment vested a property right in Henry V. Lester, W.V. Lester’s son, as heir at law, and that any rights vested in him could not constitutionally be taken away.
From 1956 to 1958, Lillian M. Lester conveyed all of her interest in the Alabama real property to Mrs. C.L. Henry and Mrs. Walter Payne. Mrs. Payne reconveyed the interest conveyed to her back to Lillian M. Lester; and Mrs. Henry reconveyed one half the interest conveyed to her back to Lillian M. Lester.
In 1959, the legislature passed an act providing that foreign wills must be filed for probate in the state of the testator’s domicile within five years from the date of the testator’s death. This act removed the requirement that the will be probated in Alabama within five years of the testator’s death. Acts of Alabama 1959, Act No. 587, November 19, 1959, pp. 1475-76.
The will was probated in Mobile County on November 22, 1974, while the 1959 Act was in effect. In 1974 and 1975, Mrs. Henry, who had retained one half of the interest conveyed to her by Lillian M. Lester, conveyed her interest to Larry H. Moses. The defendants involved in this appeal obtained their interests through Larry H. Moses and his transferees. This appeal is not concerned with those interests conveyed back to Lillian M. Lester from Mrs. Henry and Mrs. Payne; the summary judgment related only to those interests passing through Larry H. Moses.
In 1976, Henry V. Lester died and left his interest to his widow, Wilma L. Lester. Wilma L. Lester then executed leases of mineral interests in the property to Southern Oil Exploration, Inc. and Ronald H. McLeod. She also conveyed a royalty interest to Ronald H. McLeod, who, in turn, *870 transferred portions of his interest to Larry J. Whitehead, Ray M. Marshall, and Myra K. Whatley. Myra K. Whatley transferred her interest to John Sipple, who conveyed a portion of his interest to Gary A. McLeod and A.P. Ogburn, Jr.
This action was begun on October 22, 1982, by Wilma L. Lester and those claiming under her. They sought to quiet their title on the basis that Henry V. Lester was entitled to take one-half of W.V. Lester’s mineral interest under the laws of intestacy. In the alternative, they sought a declaratory judgment construing the will of W.V. Lester and subsequent instruments transferring mineral royalty and leasehold interests. The defendants each counterclaimed, asking that the trial court enter judgments holding that plaintiffs had no right, title, or interest in or to the mineral interest claimed by each defendant and quieting title in each defendant as owner of an undivided mineral interest. The defendants joined in a motion for summary judgment to declare that they owned various tabulated interests and that the plaintiffs had no claim against their interests in oil and gas and other minerals. The trial court granted the motion and directed the entry of a final judgment.
The plaintiffs appeal, claiming that the trial court erred in granting the motions because:
“1. The appellees failed to carry their burden of proof and did not properly present evidence which would support the judgment of the trial court;
“2. The appellees failed to carry their burden of proof and did not prove that they were entitled to judgments as a matter of law;
“3. The appellees failed to carry their burden of proof and did not prove an absence of material issues of fact.”
The plaintiffs allege that the defendants did not properly present evidence that would support the trial court’s judgment because there was an incorrect name on the lower court’s judgment. In his order granting summary judgment, the trial judge said that each defendant’s interest was tabulated in an exhibit attached to the order. In the exhibit, Homer Best, Jr., rather than Julius M. Ridgway, was listed as an owner of part of the interest in controversy. Defendant Julius M. Ridg-way filed a motion pursuant to Rule 60(a), Alabama Rules of Civil Procedure, to correct this discrepancy. The trial court considered the motion and ordered the exhibit attached to the order amended so that the name “Homer Best, Jr.” was deleted and “Julius M. Ridgway” was substituted. The plaintiffs contend that the error was a judicial error and could not be corrected pursuant to Rule 60(a). In Ex parte ACK Radio Supply Company of Georgia, 283 Ala. 630, 635, 219 So.2d 880, 885 (1969), this Court explained what a clerical error is:
“[Clerical errors ... are not those alone which the clerk makes, but they include all such errors, being matters of record, whether committed by the court or counsel, to which the judicial sanction and discretion cannot be said reasonably to have been applied. Such right [of correction] exists only ‘when there is sufficient matter apparent on the record or entries of the court to amend by.’ ”
It is apparent from the motion for summary judgment and the exhibits attached thereto that all of the interest owned by Best had been transferred to Ridgway; therefore, the lower court had authority under Rule 60(a) to correct this oversight.
The plaintiffs also claim that evidence was improperly presented, in that some of the documents attached to the motion for summary judgment (including royalty deeds, mineral right and royalty transfers, and oil, gas and mineral leases) were not certified by the Probate Court of Mobile County as true and correct. We will not address this claim, since the documents were not pertinent to the resolution of the issue of whether Henry V. Lester was entitled to one-half of his father’s interest under either intestacy or testacy theories.
Most of the arguments by the plaintiffs and the defendants were based on the plaintiffs’ contention that the defendants did not prove that they were entitled to a *871 judgment as a matter of law. The plaintiffs argue that the 1951 act vested in them a right to. be free from the probate of the Texas will in Alabama and that the 1959 act, in order to pass constitutional muster, must be construed to be prospective only. For the reasons hereinafter stated, we need not determine the issue of the constitutionality of the 1951 and 1959 acts.
The statute imposing a time limit for probating a will is a statute of limitations. Sharpe v. Booker, 263 Ala. 592, 83 So.2d 313 (1955), and Fuller v. Qualls, 241 Ala. 673, 4 So.2d 418 (1941). The statute of limitations must be affirmatively pleaded under Rule 8(c), A.R.Civ.P. See also Sharpe, supra (although Sharpe was decided before our adoption of the Alabama Rules of Civil Procedure, that case also involved the time limit for the probate of a will, and this Court held that the statute imposing the five-year time limit was a statute of limitations which had to be specially pleaded). Since the plaintiffs did not plead the statute of limitations as a defense to the defendants’ counterclaim, the trial court was correct in granting summary judgment.
In the alternative, the plaintiffs allege that the defendants did not prove an absence of material issues of fact. The plaintiffs argue that, even assuming the will was properly probated, Lillian M. Lester had only a life estate and Henry V. Lester was entitled to the remainder. The plaintiffs apparently planned to argue to the lower court that the conveyances by Lillian M. Lester to Mrs. Henry and Mrs. Payne and the conveyances back to Lillian were part of a scheme to defeat the intent of W.V. Lester and the remainder interest of Henry V. Lester. The plaintiffs, however, failed prior to the motion for summary judgment to allege any facts which would raise the issue of fraud. In addition, the plaintiffs chose not to respond to the motion for summary judgment. Once a motion for summary judgment has been made and supported as required by Rule 56(e), A.R.Civ.P., the motion should be granted unless the adverse party comes forth with an evidentiary or factual showing that there is a genuine issue of material fact for trial. Hart v. General Motors Acceptance Corp., 437 So.2d 1255 (Ala.1983).
Since the plaintiffs did not allege fraud, we must look to the language of the will to see whether Lillian M. Lester was given the power to convey the property. The will provided:
“I hereby give and devise unto my beloved wife, Lillian M. Lester, after payment of all my just debts, all of my property, real, personal or mixed, of which I may die seized and possessed, for her to use, own, control, enjoy, convey, expend and otherwise to exercise all power and authority over same that I might do in person, if alive; and at her death, in the event any of my said property so devised and bequeathed to my beloved wife, Lillian M. Lester, has not been conveyed, sold, expended or otherwise disposed of by her under and by virtue of the unlimited authority and title thereto as given to her in this will, such parts so remaining, if any, shall thereupon, upon the death of said Lillian M. Lester, vest in fee simple in my son, Henry Vanderburgh Lester.” (Emphasis added.)
The will, thus, on its face, conveyed a life estate with absolute power of disposition. Since Lillian M. Lester had absolute power of disposition and in fact disposed of her interest, and since no allegation was made in the trial court that that interest passing to these defendants through Larry H. Moses was fraudulently conveyed, we have no reason to conclude that the conveyances were not valid as against the remainder-man under Code 1975, § 35-4-291 and § 35-4-292.
Code 1975, § 35-4-291, provides:
“Every power of disposition is deemed absolute, by means of which the donee of such power is enabled in his lifetime to dispose of the entire fee for his own benefit; and, where a general and beneficial power to devise the inheritance is *872 given to a tenant for years or for life, it is absolute within the meaning of subsections (b) and (c) of § 35-4-292.”
Code 1975, § 35-4-292, provides:
“(a) When an absolute power of disposition, not accompanied by any trust, is given to the owner of a particular estate for life or years, such estate is changed into a fee absolute, as to the rights of creditors and purchasers, but is subject to any future estates limited thereon, in case the power is not exercised or the lands sold for the satisfaction of debts during the continuance of such particular estate.”
“(b) When a like power of disposition is given to any person to whom no particular estate is limited, such person also takes a fee, subject to any future estate which may be limited thereon; but absolute in respect to creditors and purchasers.
“(c) In all cases where such absolute power of disposition is given, not accompanied by any trust, and no remainder is limited on the estate of the donee of the power he has an absolute fee.” AFFIRMED.
MADDOX, FAULKNER, ALMON, EM-BRY, BEATTY and ADAMS, JJ., concur.
JONES and SHORES, JJ., concur in the result.